UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
"FORT MYERS DIVISION"

CASE NO.: 08-cv-556-MMH-DNF

2002 IRREVOCABLE TRUST
FOR RICHARD C. HVIZDAK,
a legal trust, 2007 RICHARD
C. HVIZDAK SEPARATE TRUST,
a Delaware trust, RCH TRUST
HOLDINGS I, LP, a Delaware
limited partnership

    Plaintiffs,
v.

SHENZHEN DEVELOPMENT BANK,
CO LTD.

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO MOTION FOR FEES**

Come Now, Plaintiffs, by and through undersigned counsel to hereby respond to Defendant's Motion for Fees and states as grounds for denial or for bifurcation the following:

The basis for the Defendant's entitlement is Florida Statute § 675.111. Defendant seeks fees because it alleges it is the prevailing party on a *remedy* sought under Florida Statute 675.109. But Fla. Stat. § 675.109 offers just one remedy to an applicant like the Plaintiffs – an injunction. See § 675.109(2).

This Court has already held Plaintiffs did not maintain an action for a remedy under § 675.109, specifically injunctive relief. *See* Trial Transcript of Hearing on Post Judgment Security April 9, 2010, Page 11, Lines 13-23. The Court held that it did not render any judgment for relief or remedies sought under § 675.109. *Id.* Because the

Court has held that there is no judgment for any remedy sought under Chapter 675 and because § 675.111 calls for fees and other expenses of litigation only in an action in which a <u>remedy</u> is sought under this chapter, the Defendant's motion should be denied. Fla. Stat. § 675.111.

## **REQUEST FOR BIFURCATION**

Additionally, the Plaintiffs request the Court bifurcate the issue of entitlement from reasonableness. Courts typically grant orders bifurcating issues of entitlement from reasonableness to allow the parties to focus on each issue individually. See *Smith v. Grand Bank & Trust of Fla*., 2005 U.S. Dist. LEXIS 46349, 15-14 (S.D. Fla. Apr. 26, 2005); *Cordoba v. Dillard's, Inc*., U.S. Dist. LEXIS 23506 (M.D. Fla. June 12, 2003). Because the issues of reasonableness are complex, time consuming and would cost the parties substantial monies in retaining experts, the Plaintiffs respectfully ask this Court to bifurcate the issues of entitlement from reasonability of the fees. If the Court disposed of the entitlement issue at its outset, significant judicial and economic resources would be conserved. Should the Court rule in favor of SDB on the issues of entitlement, Plaintiffs would respectfully request thirty (30) days from the date of the Order, if necessary, to respond so that they may retain experts and submit affidavits where required.

WHEREFORE, Plaintiffs' respectfully ask the Court deny Defendant's Motion on Entitlement and if necessary, enlarge the period to respond to the issue of reasonableness.

Dated: May 28, 2010

Respectfully submitted,

/s/    Scott A. Wagner_____
Michael T. Moore
Florida Bar No. 207845
Scott A. Wagner, Esq.

Florida Bar No. 10244
MOORE & COMPANY, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile:  (786) 221-0601
Email: mmoore@moore-and-co.net

*Attorneys for Plaintiffs 2002 Irrevocable Trust
for Richard C. Hvizdak, 2007 Richard C.
Hvizdak Separate Trust, and RCH Trust
Holdings I, LP*