# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA - FORT MYERS DIVISION

| | | |
|---|---|---|
| 2002 IRREVOCABLE TRUST FOR RICHARD C. HVIZDAK, a legal trust, 2007 RICHARD C. HVIZDAK SEPARATE TRUST, a Delaware trust, AND RCH TRUST HOLDINGS I, LP, a Delaware limited partnership, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:08-cv-00556-CEH-DNF |
| SHENZHEN DEVELOPMENT BANK CO., LTD., AND FOSHAN POLY MARINE ENGINEERING CO., LTD., a Chinese corporation, | ) ) ) ) | Hon. Charlene Edwards Honeywell |
| Defendants. | ) ) ) | |

## DEFENDANT SHENZHEN DEVELOPMENT BANK'S
## REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND EXPENSES

SDB respectfully submits this Reply in support of its Motion for Attorneys' Fees and Expenses (Dkt. No. 193, the "Motion" or "Mot.").[1] (*See* Dkt. No. 205.)

### Argument

Plaintiffs and their expert, Henry H. Bolz III, are seeking to reduce SDB's attorneys' fees and legal expenses to mere fractions of the amounts supported by SDB's Motion.  The resulting $173,570 in attorneys' fees and $32,229 in legal expenses (down from $589,493 and $181,904, respectively) are not sufficient to reasonably compensate SDB under Section 675.111(5) and are even far less than the amounts Plaintiffs claim to have spent themselves.

---

[1]    Capitalized and abbreviated terms that are not otherwise defined have the same meaning as set forth in SDB's Motion.  (*See* Dkt. No. 193.)

(*See* Dkt. No. 203, Pls. Resp. to SDB's Mot. ("Pls. Resp.") at 6; Mot. at 5.)  As detailed below, Plaintiffs' reductions in hours reasonably expended, hourly rates, and legal expenses are unsupported by fact, law, or analysis and should be rejected by this Court.

A.     **Plaintiffs' Reductions in Hours Reasonably Billed are Based on Mischaracterizations of the work Performed and Should be Rejected**

To support their drastic reductions in hours, Plaintiffs reference so-called unreasonable hours billed in connection with Mr. Weidenmiller's representation as local counsel, preparation for and attendance at the preliminary injunction hearing, preparation of SDB's motion to dismiss, and depositions taken by SDB's attorneys.  (*See* Pls. Resp. at 3-5; *id.* Ex. A, Affidavit of Henry H. Bolz III As to Reasonableness of Attorneys Fees ("Bolz Aff.") ¶¶ 12-29.)  However, even if this Court were to disallow all of these hours, it still would not justify reducing SDB's attorneys' hours from 1,688 to 864.  (*Compare* Bolz ¶¶ 12-29 *with* Bolz ¶ 45; Kao Decl. ¶ 4.)  Furthermore, as shown below, none of Plaintiffs' reductions are warranted; they are based on an incorrect reading of SDB's attorneys' time records and, in some cases, are contrary to or unsupported by applicable law.  Accordingly, Plaintiffs' request for reductions in the hours reasonably billed by SDB's attorneys should be denied.

1.     **Mr. Weidenmiller's representation as local counsel**

Mr. Bolz's contention that the hours billed by Mr. Weidenmiller and his associate should be reduced from 115.9 to 70 because they performed tasks related to case administration and management (Bolz Aff. ¶¶ 12-18) runs afoul of this Court's Local Rules. Local Rule 2.02(a) requires non-resident counsel to designate "some member of the bar of this Court, resident in Florida, upon whom all notices and papers may be served and who will

be responsible for the progress of the case." L.R. 2.02(a). Because Mr. Weidenmiller was acting within the scope of this Court's Local Rules and because his representation benefited both this Court and SDB, there is no reason for a reduction in Mr. Weidenmiller's or his associate's hours.

### 2.      The preliminary injunction hearing

Both Plaintiffs and their expert misstate and mischaracterize the time billed by SDB's lawyers to prepare for and attend the preliminary injunction hearing. Plaintiffs' wrongly claim that "four attorneys billed to attend the hearing (Attorneys Kao – 16.7, Lape – 12.3, Williamson – 13.2, and Weidenmiller – 8.8)." (Pls. Resp. at 4.) Although these attorneys did attend the hearing, the amounts billed by each were substantially related to preparation for the hearing, which was both factually and legally complex, and not to attendance at the hearing itself. (*See* Kao Decl. Ex. 1 at 20-24; Weidenmiller Decl. Ex. 1 at 40, 44.) Furthermore, Mr. Bolz wrongly asserts that "there was a huge amount of unnecessary travel time for multiple attorneys to travel from Chicago, Illinois to Naples, Florida." (Bolz Aff. ¶ 21. ) The only attorney to bill any travel time was Ms. Kao and that time amounted to less than six hours. (*See* Kao Decl. Ex. 1 at 20-23.) Thus, Plaintiffs' proposed reductions are unwarranted.

### 3.      SDB's motion to dismiss

Plaintiffs' repeated assertions that SDB's counsel spent more than 150 hours on a "routine Motion to Dismiss" are simply wrong. (Pls. Resp. 3, 4; *see also* Bolz Aff ¶¶ 24-25.) First, SDB's motion to dismiss was not a "routine motion." It addressed complicated issues relating to the proper venue for a dispute involving a Chinese entity, failure to join

indispensable parties, economic loss doctrine, standard for fraud generally, and standard for fraud as applied to letters of credit.  (*See* Dkt. No. 39.)  Second, Plaintiffs' estimate of the hours worked overstates the time that SDB's counsel spent preparing SDB's motion to dismiss.  As shown by the attorneys' time records, the hours cited by Plaintiffs included time for other activities, such as preparing documents for production, reviewing documents, preparing and responding to requests for documents and interrogatories, preparing a confidentiality agreement, and coordinating translation of the Chinese language documents used by Plaintiffs themselves and which were necessary for the benefit of the Court.  (*See* Kao Decl. Ex. 1 at 7-16.)  In any event, the hours spent preparing the motion to dismiss were clearly beneficial to SDB as they resulted in the dismissal of Plaintiffs' first complaint.  (*See* Dkt. No. 73.)  Accordingly, no reduction in hours is warranted.

     **4.**       **Depositions taken by SDB's attorneys**

Plaintiffs' claims that the hours billed by Ms. Williamson and Ms. Lape to prepare for the depositions of Richard Hvizdak and Daniel Blodgett are unreasonable are without merit. First, Plaintiffs over inflated the time billed in connection with these depositions.  As reflected in the attorneys' time records, the hours cited by Plaintiffs also included time billed for reviewing documents, responding to discovery requests, and preparing a case summary and chronology.  (*See* Kao Decl. Ex. 1 at 13-15.)  Second, Plaintiffs and their expert underestimated the roles played by both attorneys in taking these depositions and thus the need for preparation.  In this regard, Plaintiffs and their expert wrongly claim that Ms. Williamson "participated in merely two lines of questioning" and that Ms. Lape did not question either witness.  (Pls. Resp. at 4; Bolz ¶ 26.)  The transcripts, however, show that Ms.

Williamson conducted the deposition of Mr. Hvizdak and that Ms. Lape conducted the deposition of Mr. Blodgett.  (*See e.g.* Dkt. No. 52 Exs. 1, 11.)  Thus, no reduction in preparation time is warranted.

     **5.**     **SDB's motion for summary judgment**

     Plaintiffs also wrongly claim that the hours billed by SDB's attorneys in preparing SDB's motion for summary judgment were duplicative.  Plaintiffs' contention is based solely on the fact that three attorneys, Ms. Kao, Ms. Lape, and Ms. Van Gelder worked to prepare the motion.  (Bolz Aff. ¶ 28.)  However, that alone does not make their efforts duplicative.  *See Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("[a]n award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation") (*see also* Kao Decl. Ex. 1 at 74-81, describing attorney contributions).  As with SDB's motion to dismiss, the motion for summary judgment presented several arguments concerning Plaintiffs' claims of fraud, negligence, negligent misrepresentation, and their so-called "letter of credit fraud" claim.  (*See* Dkt. No. 119.)  And, as with the motion to dismiss, SDB's attorneys' efforts relating to the motion for summary judgment were greatly beneficial to SDB – they resulted in judgment in SDB's favor on all claims.  (*See* Dkt. No. 185.)  Thus, no reduction in time is warranted.

**B.**     **Plaintiffs' Claims for Further Reductions in the Attorneys' Hourly Rates lack Reliable Support and Should be Rejected by this Court**

     The drastically reduced rates proposed by Plaintiffs and their expert are arbitrary and should not be adopted by this Court.  The proposed rates are based solely on Mr. Bolz's speculation concerning the acceptable hourly rates charged by hypothetical "partners in

South Florida law firms" and "commercial litigators in Miami" and have no real basis in fact or relation to this case.  (Bolz Aff. ¶¶ 35-40.)  Tellingly, Mr. Bolz does not even attempt to support his drastically reduced rates with references to the rates charged at his own firm or by Plaintiffs.  (*See* Bolz Aff. ¶¶ 30-41.)  Additionally, Mr. Bolz's selection of rates for each attorney appears arbitrary.  For example, Mr. Bolz offers no explanation for why Ms. Van Gelder should be compensated at a rate $25 less than her direct peer, Ms. Williamson, and also fails to explain why Ms. Kao should only be compensated at a rate of $300 per hour when he would allow attorneys with ten less years of experience and without Ms. Kao's unique language skills to be compensated at a rate of $325 per hour.  (*See* Bolz Aff. ¶¶ 36-37, 39, 41.)  Accordingly, Plaintiffs' proposed rates should be rejected as speculative and arbitrary.

C.      **Plaintiffs' Claims that SDB Failed to Sufficiently Support its Motion for Attorneys' Fees and Expenses are Similarly Baseless**

Plaintiffs' claims that SDB failed to adequately support its Motion are meritless. Plaintiffs' unsupported assertions that SDB was required to provide attorney engagement letters, third-party invoices, and receipts have no basis in the law.[2]  (Pls. Resp. at 2, 5.) Furthermore, Plaintiffs' contention that SDB failed to "provide any description of how [the expenses totaled in Ms. Kao's declaration] were arrived at" is simply untrue.  (Pls. Resp. at 5.) Ms. Kao's declaration sets forth totals for each category of expense claimed by SBD, including among others, expenses for  legal research, travel and lodging, paralegal services,

---

[2]     Although SDB believes that this additional information is not necessary, SDB is willing to produce any information that would aid the Court in assessing the amount and reasonableness of its attorneys' fees and expenses.

and reproduction of documents, and explains that those totals are derived from the monthly invoices attached to her declaration.  (Kao Decl. ¶¶ 8-9.)  Those monthly invoices show the amount of the expenses incurred on a monthly basis.  (*See* Kao Decl. Ex. 1 at 2-104.)  Those expenses can then be checked against the incorporated attorney time records to determine their relevance to the activities undertaken by SDB's attorneys.  (*See id.*)  Because these records are adequate to allow the Court to assess the expenses claimed, no reduction in either attorneys' fees or legal expenses is warranted.

**D.**     **Defendants' Agreement to Split the Costs of Translation is not Applicable to this Motion**

Finally, contrary to Plaintiffs' assertions, SDB's agreement to share the costs of translation prior to the preliminary injunction hearing does not bar SDB from seeking reimbursement for those translation expenses pursuant to Section 675.111(5).  The possibility of a later fee petition was never discussed between the parties and was not part of that agreement.

**Conclusion**

SDB respectfully requests that this Court grant its Motion and award attorneys' fees

and other litigation expenses in the amount of $771,397.


Dated: July 30, 2010
Respectfully submitted,


/s/ *Amanda S. Williamson*
Frances P. Kao                                          Casey Weidenmiller
Amanda S. Williamson                              Florida Bar No. 0521035
Amy L. Van Gelder                                   The Weidenmiller Law Firm, PL
Skadden, Arps, Slate, Meagher & Flom LLP    Suite 313
155 North Wacker Drive, Suite 2700          1415 Panther Lane
Chicago, Illinois 60606                             Naples, FL 34109
Tel: (312) 407-0700 | Fax: (312) 407-0411    Tel: (239) 591-6716 | Fax: (239) 591-6717
Frances.Kao@skadden.com                       Email: casey@weidenmillerlaw.com

*Attorneys for Defendant Shenzhen Development Bank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ *Amanda S. Williamson*
     Amanda S. Williamson
     Skadden, Arps, Slate, Meagher & Flom LLP
     155 North Wacker Drive, Suite 2700
     Chicago, Illinois 60606
     (312) 407-0700 Phone
     (312) 407-0411 Facsimile
     amanda.williamson@skadden.com