# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

2002 IRREVOCABLE TRUST FOR
RICHARD C. HVIZDAK, a legal trust,
2007 RICHARD C. HVIZDAK
SEPARATE TRUST, a Delaware trust,
RCH TRUST HOLDINGS I, LP, a
Delaware limited partnership,

                    Plaintiffs,                  **CASE NO.: 2:08-cv-556-MMH-DNF**

v.

THE HUNTINGTON NATIONAL BANK,
successor by merger with SKY BANK,
SHENZHEN DEVELOPMENT BANK CO.,
LTD., and FOSHAN POLYMARINE
ENGINEERING CO., LTD, a Chinese
corporation,

                    Defendants.

_____/

## DEFENDANT SHENZHEN DEVELOPMENT BANK CO., LTD.'S MOTION FOR ATTORNEY'S FEES AND LEGAL EXPENSES INCURRED IN APPEAL NO. 10-12457-JJ[1]

    Defendant Shenzhen Development Bank Co., Ltd. ("SDB") respectfully submits this

Motion for Attorney's Fees and Expenses (the "Motion") pursuant to this Court's Order of

December 22, 2010 (Dkt. 219), the Eleventh Circuit's Order of November 10, 2010 (Dkt.

218-4) Fed. R. App. P. 39, 11th Cir. R. 39-2, and Fla. Stat. § 675.111(5) and asks this Court

to award SDB attorney's fees and litigation expenses in the amount of $17,039.00 for work

---

[1] On January 4, 2011, Defendant Shenzhen Development Bank Co., Ltd. filed the identical Motion for Attorney's Fees and Legal Expenses, however the Exhibits (A – F) were inadvertently not attached as part of that filing. This Motion contains the corresponding Exhibits (A – F) which were omitted from the prior filing.

performed and expenses incurred in relation to Appeal No. 10-12457-JJ.  In support of its Motion, SDB hereby incorporates the grounds set forth below.

**Preliminary Statement**

Since the inception of this case, Plaintiffs have sought to hold SDB liable for the contractual breaches of one of SDB's customers.  Plaintiffs premised their claims against SDB on a theory of "letter of credit fraud" under Florida Statutes § 675.109, arguing that SDB — a Chinese institution that had no contact with Plaintiffs outside the context of this lawsuit — should recompense Plaintiffs for losses caused by a business deal gone bad simply because SDB accepted a valid, irrevocable letter of credit as collateral for a loan.  In this Court, and in reliance on Florida Statutes § 675.109, Plaintiffs repeatedly advocated for the application of a purportedly "flexible" "letter of credit fraud" standard, under which Plaintiffs would not have to plead and prove the elements of common law fraud.

In granting summary judgment in SDB's favor, this Court recognized that Plaintiffs' claims have no basis in law or fact.  Undeterred, Plaintiffs signaled their intent to re-raise their argument under Florida Statutes § 675.109 on appeal by asking the Eleventh Circuit Court of Appeals to resolve the "question" of how fraud by a letter of credit beneficiary is determined.  Before the Court of Appeals had the opportunity to consider this case on the merits, however, Plaintiffs voluntarily dismissed their appeal without prejudice, rendering SDB the prevailing party as a matter of law.  Florida law mandates that, as the prevailing party in an appeal premised on Florida Statutes § 675.109, SDB is entitled to recover its reasonable attorney's fees and expenses.  Accordingly, SDB respectfully requests that this Court award SDB additional attorney's fees and expenses of $17,039.00 for work performed

2

and expenses incurred in relation to Appeal No. 10-12457-JJ.  Adding the attorney's fees and expenses from Appeal No. 10-12457-JJ to those already sought in relation to the underlying proceedings before this Court brings the total award that SDB is seeking to $788,436.00. (See Dkt. 193, SDB's Mot. for Attorney's Fees and Expenses)

**Procedural History**

On March 26, 2010, this Court entered an order granting summary judgment in favor of SDB on all claims, including Plaintiffs' claim of fraud relating to two letters of credit issued by Plaintiffs' bank.  (Dkt. 185)  Throughout this case, Plaintiffs' fraud claim has been based on Florida Statutes § 675.109.  (*See* Dkt. 1 ¶ 81; Dkt. 14 at 5; Dkt. 128 Ex. AA; Dkt. 47 at 12-18; Dkt. 106 at 8; Dkt. 127 at 21; Dkt. 168 at 30 and Ex. C at 10-16)  That statute allows applicants, such as Plaintiffs, to seek relief from courts where "honor of the presentation" made in connection with a letter of credit "would facilitate a material fraud by the beneficiary" of the letter of credit.  Fla. Stat. § 675.109(2).  Plaintiffs' reliance on Florida Statutes § 675.109 continued on appeal.  According to Plaintiffs' Civil Appeal Statement, Plaintiffs planned to "raise issues regarding the record evidence and the legal standard regarding how 'fraud' is defined under a Letter of Credit and how a prima facie case for fraud by a Beneficiary under a Letter of Credit is determined," the resolution of which, in Plaintiffs' estimation, turned on the Court of Appeals' interpretation of Florida Statutes § 675.109.  (Ex. A, Pls. Civil Appeal Statement, filed June 14, 2010, at 2)

On August 19, 2010, Plaintiffs moved for voluntarily dismissal of their appeal without prejudice because Plaintiffs determined that the Court of Appeals lacked jurisdiction over the appeal as filed.  (Ex. B, Mot. for Voluntary Dismissal Without Prejudice, filed Aug. 19, 2010,

3

¶¶ 5-6)  On August 26, 2010, the Clerk of the Court for the Eleventh Circuit entered an order granting Plaintiffs' motion and dismissing Plaintiffs' appeal. (Dkt. 218-1)  On September 8, 2010, SDB timely filed its motion for attorney's fees and expenses incurred in Appeal No. 10-12457-JJ with the Court of Appeals, in which SDB sought $17,039.00 in attorney's fees and other litigation expenses incurred on appeal. (Dkt. 218-2) SDB's motion for attorney's fees and expenses on appeal is substantially similar to the Motion for Attorney's Fees and Expenses filed with this Court on April 12, 2010, in which SDB sought reimbursement for attorney's fees and expenses of litigation incurred in the proceedings before this Court. (*Compare* Attach. B *with* Dkt. 193)  On November 10, 2010, the Court of Appeals transferred SDB's motions for fees and expenses incurred in Appeal No. 10-12457-JJ to this Court (Dkt. 218-4), and on December 22, 2010, this Court granted SDB leave to file its motion for fees on or before January 5, 2011. (Dkt. 219.)

SDB now seeks attorney's fees and legal expenses incurred on appeal pursuant to Eleventh Circuit Rule 39-2 and Florida Statutes § 675.111(5), which allows prevailing parties in actions involving Florida Statutes § 675.109 to seek reasonable attorney's fees and expenses of litigation. *See* 11th Cir. R. 39-2 and Fla. Stat. § 675.111(5).

## Argument

### I. AS THE PREVAILING PARTY IN AN ACTION INVOLVING FLORIDA STATUTES § 675.109 SDB IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND EXPENSES.

As the prevailing party in an action involving Florida Statutes § 675.109, SDB is entitled to an award of reasonable attorney's fees and expenses of litigation. *See* 11th Cir. R. 39-2; Fla. Stat. § 675.111(5).   Florida Statutes § 675.111(5) states that "[r]easonable

4

attorney's fees and other expenses of litigation *must* be awarded to the prevailing party in an action in which a remedy is sought under this chapter." Fla. Stat. § 675.111(5) (emphasis added). This award is mandatory, not discretionary. *Jaffe v. Bank of Am. N.A.*, 674 F. Supp. 2d 1360, 1363 (S.D. Fla. 2009). As the official comment makes clear, the mandatory fee provision in Florida Statutes § 675.111(5) should be broadly construed:

> The court must award attorney's fees to the prevailing party, whether that party is an applicant, a beneficiary, an issuer, a nominated person, or adviser... Subsection (e) authorizes attorney's fees in all actions where a remedy is sought 'under this article.' It applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111.

Fla. Stat. § 675.111(5) cmt. 6.

## A.      SDB is the Prevailing Party in this Appeal.

Under Florida law[2], SDB is a prevailing party in this appeal. Florida courts have adopted two approaches in determining whether a party is a prevailing party after a voluntary dismissal without prejudice. The majority of Florida courts hold that a defendant is automatically deemed a prevailing party when the plaintiff voluntarily dismisses the case even if that dismissal is without prejudice. *Alhambra Homeowners Ass'n, v. Asad*, 943 So. 2d 316, 317-318 (Fla. 4th DCA) (The "general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation."); *see*

---

[2]   A federal court sitting in diversity must "apply Florida law to determine whether Defendants are prevailing parties." *Parra v. Minto Townpark, LLC*, No. 08-14168-CIV-GRAHAM, 2009 U.S. Dist. LEXIS 81227, at *4 (S.D. Fla. Aug. 21, 2009) (citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) ("statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes").

*also Shepheard v. Deutsche Bank Trust Co. Ams.*, 38 So. 3d 825, 826 (Fla. 5th DCA 2010) (citations omitted); *Parra v. Minto Townpark, LLC LLC.*, No. 08-14168-CIV-GRAHAM, 2009 U.S. Dist. LEXIS 81227, at *8 (S.D. Fla. Aug. 20, 2009) (citations omitted); *Dam v. Heart of Fla. Hosp., Inc.* 536 So. 2d 1177, 1178 (Fla. 2d DCA 1989); *Vidibor v. Adams,* 509 So. 2d 973, 974 (Fla. 5th DCA 1987).   Thus, under the majority approach, Petitioners' voluntary dismissal should automatically render SDB a prevailing party.

A minority of Florida courts in the Third District require that an applicant for statutory attorney's fees and expenses also establish that, but for the voluntary dismissal, the "case would have concluded with the entry of summary judgment in its favor." *Englander v. St. Francis Hosp., Inc.*, 506 So. 2d 423, 424 (Fla. 3d DCA 1987) (*distinguishing Simmons v. Schimmel*, 476 So. 2d 1342, 1345 (Fla. 3d DCA 1985)).   Even under this approach, SDB is entitled to prevailing party status.   SDB was the prevailing party before this Court: summary judgment was granted in SDB's favor on all claims and Plaintiffs voluntarily dismissed their appeal because of lack of jurisdiction.   In particular, Plaintiffs stated that "the analysis under relevant and applicable case law deems the original April 9, 2010 Notice of Appeal premature and therefore leaves the Court without jurisdiction."   (Ex. B., Pet'rs Mot. for Voluntary Dismissal Without Prejudice, filed August 20, 2010, at ¶ 6)   Accordingly, SDB should be deemed the prevailing party in this appeal.

**B.   Plaintiffs Brought this Appeal Seeking a Remedy Under Florida Statutes § 675.109.**

Similarly, there can be no question that Plaintiffs brought this appeal seeking a remedy under Florida Statutes § 675.109.   Before this Court, Plaintiffs repeatedly relied on Florida Statutes § 675.109 to assert their claim of fraud and seek both injunctive relief and

Prolaw: 13922

monetary damages. (*See* Doc. 1 ¶ 81; Doc. 14 at 5; Doc. 128 Ex. AA; Doc. 47 at 12-18; Doc. 106 at 8; Doc. 127 at 21; Doc 168 at 30 and Ex. C at 10-16) On appeal, Plaintiffs maintained those claims, stating that this appeal raises "issues regarding the record evidence and the legal standard regarding how 'fraud' is defined under a Letter of Credit and how a prima facie case for fraud by a Beneficiary under a Letter of Credit is determined." (Ex. A, Pet'rs Civil Appeal Statement at 2) These issues, according to Plaintiffs, turn on the Court of Appeals' interpretation of Florida Statutes § 675.109. (*Id.*) Accordingly, as the prevailing party in an action involving Florida Statutes § 675.109, SDB is entitled to an award of reasonable attorney's fees and expenses of litigation in the amount of $17,039.00 as set forth below. *See* Fla. Stat. § 675.111(5).

## II. SDB IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES OF AT LEAST $12,545.00

SDB was represented on appeal by Frances P. Kao, Amanda S. Williamson, and Marcella L. Lape with the firm of Skadden, Arps, Slate, Meagher & Flom, LLP; and Casey K. Weidenmiller and Donald S. Boyd of The Weidenmiller Law Firm, P.L. As reflected in the billing invoices attached to Ms. Kao's and Mr. Weidenmiller's declarations, SDB's attorneys were retained and paid for their services on an hourly basis at varying hourly rates. (*See* Ex. C, Declaration of Frances P. Kao ("Kao Decl."), at ¶¶ 3-4 and Ex. 1; Ex. D, Declaration of Casey K. Weidenmiller ("Weidenmiller Decl."), at ¶¶ 3-4 and Ex. 1) The billing invoices describe in detail the number of hours expended, the basis for those hours, the hourly rates charged, and the identity of the timekeepers. (*See* Kao Decl. Ex. 1; Weidenmiller Decl. Ex. 1) The total amount of attorney's fees resulting from this appeal and billed to SDB between

May 2010 and August 2010 was $24,923.00  (Kao Decl. ¶ 4 and Ex. 1; Weidenmiller Decl. ¶ 4 and Ex. 1)

### A.   SDB is Seeking Attorney's Fees at the Rates Utilized by its Local Counsel in Florida.

Despite being entitled to an award of its entire amount of attorney's fees, SDB is willing to accept an award of fees calculated at the rates used by Mr. Weidenmiller, SDB's local counsel and a regular Florida practitioner.  When analyzing an award of attorney's fees under Section 675.111(5), a "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (citations omitted).  Mr. Weidenmiller's hourly rate is $375.00, an hourly rate found to be reasonable by the court in *Jaffe,* a similar case for fraud brought pursuant to Florida Statutes § 675.109.  *Jaffe,* 674 F. Supp. 2d at 1364.  The pro-rated hourly rates and a brief description of the background for each of SDB's attorneys are as follows:

| | |
|---|---|
| Frances P. Kao<br>($400 per hour) | Partner, Skadden Arps, based in Chicago, Illinois; admitted to practice in Illinois and California; extensive experience in practicing before federal and state courts in the United States and in representing mainland Chinese companies in all forms of dispute resolution; native Mandarin speaker. |
| Casey K. Weidenmiller<br>($375 per hour) | Principal and managing partner of The Weidenmiller Law Firm, P.L., based in Naples, Florida; admitted to practice in Florida; extensive experience in practicing before Florida's federal and state courts. |
| Amanda S. Williamson<br>($350 per hour) | Associate, Skadden Arps, based in Chicago, Illinois; admitted to practice in Illinois, five years experience practicing before federal and state courts in Illinois, among others; previously served as law clerk to the Honorable James B. Zagel in the District Court for the |

8

|  | Northern District of Illinois. |
|---|---|
| Marcella L. Lape ($350 per hour) | Associate, Skadden Arps, based in Chicago, Illinois; admitted to practice in Illinois and Ohio (inactive), five years experience practicing before state and federal courts in Illinois, Ohio, New York, and Minnesota; previously served as law clerk to the Honorable Susan H. Black on the Federal Court of Appeals for the Eleventh Circuit. |
| Donald S. Boyd ($275 per hour) | Associate, The Weidenmiller Law Firm, P.L., based in Naples, Florida; admitted to practice in Florida, five years experience practicing before state and federal courts in Florida. |

Attorney James A. Boatman, Jr., a long-standing Florida practitioner, confirms in his expert declaration that the pro-rated hourly rates given above are in accordance with the prevailing market rates charged in similar cases by attorneys with comparable skills, experience, and reputation practicing before the Court of Appeals for the Eleventh Circuit. (*See* Ex. E, Decl. of James A. Boatman, Jr. ("Boatman Decl."), ¶¶ 2-5; *see also* Dkt. 193 at 7-8 and Dkt 193-2 Decl. of Gregory N. Woods)  Accordingly, this Court should accept these rates as reasonable for purposes of Section 675.111(5).

**B.     The Total Hours Billed by SDB's Attorneys in Connection with this Appeal are Reasonable.**

The next step in determining an award of attorney's fees is to determine whether the number of hours billed was reasonable. *See, Loranger*, 10 F.3d at 782.  The total of 34.9 hours billed, which consisted of 27.3 hours billed by Skadden Arps attorneys and 7.6 hours billed by The Weidenmiller Law Firm P.L attorneys, was necessary to defend SDB in this appeal.  (*See* Boatman Decl. ¶ 5; Kao Decl. ¶ 7; Weidenmiller Decl. ¶ 6)  A detailed description of the efforts undertaken by SDB's attorneys is attached to Ms. Kao's and Mr.

9

Weidenmiller's declarations.  (*See* Kao Decl. Ex. 1 and Weidenmiller Decl. Ex. 1)  SDB's counsel, among other things, filed the necessary attorney appearance forms and corporate disclosure statement and responded to the Court of Appeals' July 12, 2010, request for briefing on jurisdiction.  (*See e.g.* Ex. F, Appellee's Response to the Court of Appeals' July 12, 2010 Request for Briefing on Jurisdiction, filed on July 26, 2010)

Multiplying the pro-rated hourly rate by the number of hours worked by each attorney leads to attorneys fees totaling $12,545.00.  SDB is seeking full recovery of this amount.

## III.  SDB IS SEEKING REASONABLE EXPENSES IN THE AMOUNT OF $4,494.00

In addition to reasonable attorney's fees, Florida Statutes § 675.111(5) mandates an award of "expenses of litigation."  Fla. Stat. § 675.111(5).  The official comment to Florida Statutes § 675.111(5) states that "'[e]xpenses of litigation' is intended to be broader than 'costs.'"  Fla. Stat. § 675.111(5) cmt. 6.  Following this statute, the court in *Jaffe* awarded expenses for fees relating to transcripts, court reporters, service of process, photocopying, business travel, telephone, and legal research.  *Jaffe*, 674 F. Supp. 2d at 1365.  Likewise, SDB is entitled to an award for litigation fees and expenses incurred and billed between May 2010 and August 2010 relating to this appeal.  Such expenses include fees paid for computer legal research, reproduction of documents, courier services and postage, court filings, electronic document management and paralegal support in the amount of $4,494.00  (*See* Kao Decl. ¶ 9 and Ex. 1; Weidenmiller Decl. ¶ 4)  Accordingly, SDB is seeking a total award of $4,494.00 in litigation expenses relating to this action.

Prolaw: 13922

## Conclusion

SDB respectfully requests that this Court grant its Motion and award attorney's fees and other litigation expenses, pursuant to Florida Statutes § 675.111(5), in the amount of $17,039.00 and all such other and further relief as the Court deems just and proper.

Dated: January 5, 2011,

Respectfully submitted,

/s/ Amanda S. Williamson
Frances P. Kao
Amanda S. Williamson
Amy L. Van Gelder
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700 | Fax: (312) 407-0411

/s/Casey K. Weidenmiller
Casey K. Weidenmiller
Florida Bar No. 0521035
Weidenmiller & Michetti, PL
5150 North Tamiami Trail, Suite 603
Naples, Florida 34103
Tel: (239) 325-4070 | Fax: (239) 325-4080

*Attorneys for Defendant Shenzhen Development Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2011, I electronically filed the foregoing

DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND EXPENSES INCURRED IN

APPEAL NO. 10-12457-JJ by using the CM/ECF system.

By: _/s/ Amanda S. Williamson_
      Amanda S. Williamson
      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive, Suite 2700
      Chicago, Illinois 60606
      Tel: (312) 407-0700 | Fax: (312) 407-0411


_/s/Casey K. Weidenmiller_
Casey K. Weidenmiller
Florida Bar No. 0521035
Weidenmiller & Michetti, P.L.
5150 North Tamiami Trail, Suite 603
Naples, Florida 34103
Tel: (239) 325-4070 | Fax: (239) 325-4080

**Exhibit A**

Rev. 6/98

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**
**CIVIL APPEAL STATEMENT**

Please TYPE. Attach additional pages if necessary.          11th Circuit Docket Number: 10-12457-J

| | |
|---|---|
| **TITLE IN FULL:**<br><br>2002 Irrevocable Trust For Richard C. Hvizdak, a legal trust, 2007 Richard c. Hvizdak Seperate Trust, a Delaware Trust, ROH Trust Holdings I, LP, a Delaware Limited Partnership v. Shenzhen Development Bank, Co., LTD and Foshan Poly Marine Engineering Co., LTD, a Chinese Corporation | **DISTRICT:** Middle District of Florida<br>**NAME OF JUDGE:** Judge Charlene E. Honeywell<br><br>**DATE COMPLAINT FILED:** July 15, 2008<br>**DISTRICT COURT DOCKET NUMBER:** 08-cv-556-CEH-DNF<br><br>**DATE NOTICE OF APPEAL FILED:** April 9, 2010<br>**IS THIS A CROSS-APPEAL?** ☐ Yes ☒ No<br><br>**HAS THIS MATTER BEEN BEFORE THIS COURT PREVIOUSLY?** ☐ Yes ☒ No<br>**IF YES, PROVIDE:**<br>(A)  CASE NAME<br>(B)  CITATION<br>(C)  DOCKET NUMBER |

| | ATTORNEY NAME | MAILING ADDRESS | TELEPHONE AND FAX |
|---|---|---|---|
| **FOR APPELLANT:**<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Scott A. Wagner, Esq. | Moore & Company, P.A.<br>355 Alhambra Circle<br>Suite 1100<br>Coral Gables, Florida 33134 | Tel: 786-221-0600<br>Fax: 786-221-0601 |
| **FOR APPELLEE:**<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | Frances P. Kao, Esq.<br>Amanda S. Williamson, Esq.<br>Amy L. Van Gelder, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Suite 2700<br>Chicago, Illinois 60606-1720 | Tel: 312-407-0700<br>Fax: 312-407-0411 |

Circle/check/complete those items below and on page 2 that apply.

| JURISDICTION | NATURE OF JUDGMENT | TYPE OF ORDER | RELIEF |
|---|---|---|---|
| Federal Question<br>Diversity<br>US Plaintiff<br>US Defendant | Final Judgment, 28 USC 1291<br><br>Interlocutory Order, 28 USC 1292(a)(1)<br><br>Interlocutory Order Certified, 28 USC 1292(b)<br><br>Interlocutory Order, Qualified Immunity<br><br>Final Agency Action (Review)<br><br>54(b) | Dismissal/Jurisdiction<br><br>Default Judgment<br><br>Summary Judgment<br><br>Judgment/Bench Trial<br><br>Judgment/Jury Verdict<br><br>Judgment/Directed Verdict/NOV<br><br>Injunction<br><br>Other _____ | Damages:<br>Amount Sought by Plaintiff:<br>$ 5,000,000.00<br>Amount Sought by Defendant:<br>$ _____<br>Awarded $ _____<br>to _____<br><br>Injunctions:<br>☒ TRO<br>☐ Preliminary   ☒ Granted<br>☐ Permanent    ☐ Denied |

**NATURE OF SUIT** ( ☐ Class Action )

| | | | | | |
|---|---|---|---|---|---|
| Admiralty-Maritime<br>Antitrust<br>Arbitration<br>Assault<br>Attorney Disqualification<br>Banking<br>Bankruptcy | Civil Rights<br>☐ Title VII<br>☐ ADA<br>☐ ADEA<br>☐ DEA<br>☐ Harassment<br>☐ 1983<br>☐ Other | Commercial Contract<br>Commodities<br>Communications<br>Consumer<br>Copyright/TM/Patent<br>Counsel Fee<br>Election<br>Employment Contract<br>Energy | Environment<br>ERISA<br>FELA<br>Finance<br>FOI<br>Forfeiture<br>Fraud<br>FTCA<br>Indemnity | Insurance<br>Negotiable Instrument<br>Personal Injury<br>Privacy<br>Real Property<br>Review Agency Action<br>Securities<br>Stockholder<br>Slander/Libel | Social Security<br>Tax<br>TILA<br>US Constitution<br>Warranty<br>Other Contract<br>Other Tort<br>Other Statutory Action |

Page 2                                          11th Circuit Docket Number:   10-12457-J

GENERAL

BASED ON YOUR PRESENT KNOWLEDGE:

(1)  DOES THIS APPEAL INVOLVE A QUESTION OF FIRST IMPRESSION?   ☒ Yes   ☐ No
     WHAT IS THE ISSUE YOU CLAIM IS ONE OF FIRST IMPRESSION?

     The legal standard required to vitiate the Beneficiary's rights under a Letter of Credit.

(2)  WILL THE DETERMINATION OF THIS APPEAL TURN ON THE INTERPRETATION OR APPLICATION OF A
     PARTICULAR CASE OR STATUTE?   ☒ Yes   ☐ No
     IF YES, PROVIDE:
     (A)  CASE NAME/STATUTE  Florida Statute 675.109
     (B)  CITATION  Harris Corp. v. National Iranian Radio & Television, 691 F.2d 1344(11th Cir. 1982)
     (C)  DOCKET NUMBER, IF UNREPORTED

(3)  IS THERE ANY CASE NOW PENDING OR ABOUT TO BE BROUGHT BEFORE THIS COURT OR ANY OTHER COURT
     OR ADMINISTRATIVE AGENCY THAT:
     (A)  ARISES FROM SUBSTANTIALLY THE SAME CASE OR CONTROVERSY AS THIS APPEAL?   ☐ Yes   ☒ No
     (B)  INVOLVES AN ISSUE THAT IS SUBSTANTIALLY THE SAME, SIMILAR, OR RELATED TO AN ISSUE IN THIS
          APPEAL?   ☒ Yes   ☐ No
     IF YES, PROVIDE:
     (A)  CASE NAME                          Jaffe v. Agricultural Bank of China.
     (B)  CITATION
     (C)  DOCKET NUMBER, IF UNREPORTED       09-14759-AA
     (D)  COURT OR AGENCY                    11th Circuit Court of Appeals

(4)  WILL THIS APPEAL INVOLVE A CONFLICT OF LAW:
     (A)  WITHIN THE ELEVENTH CIRCUIT?   ☐ Yes   ☒ No
     (B)  AMONG CIRCUITS?   ☐ Yes   ☒ No
     IF YES, EXPLAIN BRIEFLY:

ISSUES PROPOSED TO BE RAISED ON APPEAL, INCLUDING JURISDICTIONAL CHALLENGES:

The Appellants plan to raise issues regarding the record evidence and the legal standard regarding how "fraud" is defined
under a Letter of Credit and how a prima facie case for fraud by a Beneficiary under a Letter of Credit is determined.

The Appellants will argue that the record revealed genuine issues of material fact regarding whether the Shenzhen
Development Bank engaged in enough reprehensible conduct to allow a fact-finder to determine whether Plaintiff should
be able to recover from Shenzhen and/or vitiate Shenzhen's rights under the Letter of Credit.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH
CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 14th  DAY OF  June          , 2010  .

Scott A. Wagner, Esq.
     NAME OF COUNSEL (TYPE)                                          SIGNATURE OF COUNSEL

ATTACH portion of district court, tax court, or agency record described in I th. Cir. R. 33-1(b) (Judgments and orders appealed from or
sought to be reviewed; any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board, commission,
or officer; any report and recommendation adopted by an order; findings and conclusions of an administrative law judge when appealing a
court order reviewing an agency determination; any agency docket sheet or record index).

**Exhibit B**

IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

10-12457-J

2002 IRREVOCABLE TRUST
FOR RICHARD C. HVIZDAK,
a legal trust, 2007 RICHARD
C. HVIZDAK SEPARATE TRUST,
a Delaware trust, RCH TRUST
HOLDINGS I, LP, a Delaware
limited partnership

     Plaintiffs,

v.

SHENZHEN DEVELOPMENT BANK,
CO LTD., and FOSHAN POLY MARINE
ENGINEERING CO., LTD, a Chinese corporation

     Defendants.

_____/

## APPELLANTS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Appellants, 2002 IRREVOCABLE TRUST FOR RICHARD C. HVIZDAK, 2007 RICHARD C. HVIZDAK SEPARATE TRUST, RCH TRUST HOLDINGS I, LP, by and through undersigned counsel, and pursuant to Federal Rules of Appellate Procedure 42(b) and Eleventh Circuit Rule 42-1, respectfully file this Motion for Voluntary Dismissal without prejudice and state:

1

1. On or about March 26, 2010, the District Court entered an Order of Summary Judgment ("Order for Summary Judgment") in favor of Shenzhen Development Bank, terminating all claims with respect to Shenzhen, but not with regard to all parties, e.g. Foshan Poly Marine.

2. Appellants filed a Notice of Appeal in the Middle District of Florida on April 9, 2010, appealing the Order for Summary Judgment

3. On July 12, 2010, this Court issued a jurisdictional question to determine whether it had jurisdiction over the instant appeal.

4. Appellants did not receive this jurisdictional question from the Court, by mail or otherwise, and therefore could not respond within the time frame proscribed in the Request for Briefing on the Jurisdictional Question.[1]

5. On August 5, 2010, because the Order for Summary Judgment did not adjudicate finally all the claims between all the parties, the District Court issued an Order under Rule 54(b) granting certification of the Order for Summary Judgment.

6. Because the analysis under relevant and applicable case law deems the original April 9, 2010 Notice of Appeal premature and therefore leaves the Court without jurisdiction to hear the current appeal on the merits at this time, Appellants hereby move this Court to dismiss without prejudice the

---

[1] A call to the Clerk from Appellants' counsel's office confirmed that the Request for Briefing on the Jurisdictional Question was accidently sent to counsel for SDB only.

present appeal, so that Appellants may file a timely Notice of Appeal within the 30 day time limit which runs from the entry of the District Court's Rule 54(b) certification.  See *McLaughlin v. La Grange*, 662 F.2d 1385 (11th Cir. Ga. 1981); *Useden v. Acker*, 947 F.2d 1563 (11th Cir. Fla. 1991)

WHEREFORE, Appellants respectfully move this Court for Voluntary Dismissal of Appellants' appeal, without Prejudice.

Dated: August 19, 2010                    Respectfully submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Appellants*
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile:  (786) 221-0601
Email: swagner@moore-and-co.net

Michael T. Moore, Esq.
Florida Bar No. 207845
Scott A. Wagner, Esq.
Florida Bar No. 10244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Appellants' Motion to Dismiss was served via U.S. Mail on August 19, 2010, to:

Casey K. Weidenmiller, Esq.
*Counsel for Shenzhen Development Bank, Co., Ltd.*
The Weidenmiller Law Firm, P.L.
1415 Panther Lane, Suite 313
Naples, FL 34109

Tel.: 239-591-6716
Fax: 230-591-6717
Email: casey@weidenmillerlaw.com

Frances P. Kao, Esq.
Amanda S. Williamson, Esq.
Amy L. Van Gelder, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1720
Tel: 312-407-0700
Fax: 312-407-0411

Foshan Poly Marine and Engineering Company
Inside 7817 Factory
Shun De Qu, Fo Shan, Guang Dong
Phone: +86 757 2263 4000
Fax: +86 757 2263 0360
Fspoly@polymarine.net

Scott A. Wagner, Esq.

4

## APPELLANTS' CERTIFICATE OF INTERESTED
## PERSONS AND CORPORATE DISCLOSURE STATEMENT

1. 2002 Irrevocable Trust For Richard C. Hvizdak

2. 2007 Richard C. Hvizdak Separate Trust

3. Foshan Poly Marine Engineering Co., Ltd.

4. Hvizdak, Richard C.

5. Moore & Company, P.A.

6. Moore, Michael T.

7. RCH Trust Holdings I, LP

8. Shenzhen Development Bank, Co. Ltd.

9. Wagner, Scott A.

**Exhibit C**

Case No. 10-12457-JJ

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

2002 Irrevocable Trust for Richard C. Hvizdak, 2007 Richard C. Hvizdak
Separate Trust, and RCH Trust Holdings I, LP

Petitioners,

vs.

Shenzhen Development Bank Co., Ltd.

Respondent-Appellee.

APPEAL FROM ORDER GRANTING SUMMARY JUDGMENT
(M.D. Fla. Case No. 2:08-CV-556-MMH-DNF)

## DECLARATION OF FRANCES P. KAO IN
## SUPPORT OF APPELLEE SHENZHEN DEVELOPMENT
## BANK CO., LTD.'S MOTION FOR ATTORNEYS' FEES & EXPENSES

Frances P. Kao
Skadden, Arps, Slate, Meagher &
  Flom LLP
155 North Wacker Drive,
Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411

*Counsel of Record for Shenzhen
  Development Bank Co., Ltd.*

I, Frances P. Kao, declare upon personal knowledge and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. Section 1746.

1.    I am a partner in the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps"). I have been an attorney with Skadden Arps since 1992. I am a member of the state bars for the states of California and Illinois. I am also admitted to the bars of the United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Eleventh Circuit, and the bars of the United States District Courts for the Central District of California, Eastern District of California, Southern District of California, Central District of California, Northern District of Illinois, Central District of Illinois, and the District of Colorado. I submit this declaration in support of an application for an award of attorneys' fees and expenses of litigation incurred in connection with services rendered in the above-entitled action.

2.    Skadden Arps and The Weidenmiller Law Firm, P.L. served as counsel of record for Appellee, Shenzhen Development Bank Co., Ltd. ("SDB"). Both firms were compensated for services rendered on an hourly basis.

3.    Skadden Arps and The Weidenmiller Law Firm have performed work on behalf of SDB in connection with the defense of this litigation, including defending SDB against the claims brought by Petitioners, 2002 Irrevocable Trust for Richard C. Hvizdak, 2007 Richard C. Hvizdak Separate Trust, and RCH Trust Holdings, I, LP, in this appeal.

4.    All attorneys at Skadden Arps are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters. A summary of the total hours spent on this appeal between May 2010 and July 2010 by each Skadden Arps attorney, the attorney's hourly billing rate, and the total amount billed is provided in the table below. This summary is based on information contained in invoices sent by Skadden Arps to SDB between June 2010 and August 2010, all of which are attached to this declaration as Exhibit 1. These invoices contain detailed descriptions of the activities performed by each attorney during the time billed.[1]   (*See* Ex. 1.)  None of the time included in this fee application represents work done in connection with the application for fees or work done in connection with the litigation before the district court.

---

[1]    In making these materials available for purposes of this Motion, SDB does not waive any attorney client privilege or attorney work product privilege that may exist under applicable law.

| **Attorney** | **Hourly Rate** | **Total Hours Billed** | **Total Amount Billed** |
|---|---|---|---|
| Frances P. Kao | $990 | 13.6 | $13,464 |
| Amanda S. Williamson | $670 | 12.5 | $8,375 |
| Marcella L. Lape | $645 | 1.2 | $774 |
| **Total** | | **27.3** | **$22,613** |

5.     In this Motion, SDB is seeking reimbursement only for hours worked in relation to this appeal.  Where necessary, the total number of hours reported by Skadden Arps attorneys on a given day has been reduced to exclude hours worked on matters relating to the litigation before the district court.  Those reductions are detailed in the table below.

| **Attorney** | **Date** | **Summary of Work Performed** | **Total Hours Billed** | **Appeal-Related Hours** |
|---|---|---|---|---|
| Frances P. Kao | 7/26/10 | Finalize Jurisdictional memo and Rule 54(b) memo; communicate with S. Wagner; communicate with client | 1.90 | .90 |
| Amanda S. Williamson | 7/22/10 | Draft and edit response to the Eleventh Circuit's Jurisdictional Question and draft and edit SDB's Rule 54(b) motion for certification of the Court's March 26, 2010, Order. | 2.50 | 1.50 |

3

| Attorney | Date | Summary of Work Performed | Total Hours Billed | Appeal-Related Hours |
|----------|------|---------------------------|--------------------|----------------------|
| Amanda S. Williamson | 7/23/10 | Draft SDB's Rule 54(b) Motion for Certification of the March 26, 2010, Order and edit SDB's response to the Jurisdictional Question posed by the Eleventh Circuit. | 6.00 | 2.00 |
| Amanda S. Williamson | 7/26/10 | Edit and file SDB's Response to the Eleventh Circuit's Jurisdictional Question and prepare SDB's Rule 54(b) Motion. | 4.50 | 1.00 |

(*See* Ex. 1 at 12-13.)

6.    The billing rates listed in paragraph 4 are reasonable and commensurate with other New York-based firms of the same size and international presence that offer comparable services.

7.    The total hours spent on this appeal are reasonable in that SDB had to file attorney appearances and a corporate disclosure statement as well as respond to the jurisdictional question issued by the Court on July 12, 2010.

8.    Casey K. Weidenmiller has provided a similar declaration identifying the attorney work provided by his law firm, The Weidenmiller Law Firm, P.L.  Mr. Weidenmiller's declaration has been filed contemporaneously with this declaration.

9.      Skadden Arps billed SDB for litigation expenses incurred between May 2010 and July 2010.  These expenses are detailed in Skadden Arps's invoices to SDB, and a summary of these expenses appears in the table below.  These expenses were reasonable and necessary for SDB's defense.

| **Expense** | **Amount** |
|---|---|
| Computer Legal Research | $1,612 |
| Reproduction | $6 |
| Courier/Express/Postage | $35 |
| Filing/Court Fees | $510 |
| Electronic Document Management | $5 |
| Paralegal Services | $1,311 |
| **TOTAL** | **$3,479** |

(*See* Ex. 1 at 2, 6, 8, 10.)

Executed at Chicago, Illinois, 8th ____ day of September, 2010.


_____
Frances P. Kao

5

**Exhibit C-1**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0763
DIRECT FAX
(312) 407-8574
EMAIL ADDRESS
FKAO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 8, 2010

Mr. Lin Jinghua
Shenzhen Development Bank
No. 1054 Bao An Nan Road
9/F Hui Bei Bao Feng Building
Shenzhen, China 518001

RE:   Services For Period Ending May 31, 2010

Dear Mr. Lin,

Please find enclosed the statement for our services through the period ending May 31, 2010.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Frances P. Kao

Enclosure

# SKADDEN, ARPS, SLATE,
# MEAGHER & FLOM LLP
### AND AFFILIATES

Shenzhen Development Bank                                  June 8, 2010
No. 1054 Bao An Nan Road                          Bill No.:  1317372
9/F Hui Bei Bao Feng Building
Shenzhen,   China  518001                         TIN:  13-1777230
Attn:  Mr. Lin Jinghua

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1317372 |

FOR PROFESSIONAL SERVICES rendered
through May 31, 2010 with respect to the Florida
matter .............................................. $14,697

### CHARGES AND DISBURSEMENTS

Computer Legal Research            $376
Reproduction                          4
Miscellaneous Outside Expenses       15
                                              $   395

                                              $15,092

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.
***
PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS WHICH HAVE NOT BEEN RECORDED AS OF THE ABOVE DATE
WILL BE BILLED SUBSEQUENTLY.

B01

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES

Shenzhen Development Bank                          June 8, 2010
Page 2                                     Bill No.:  1317372

### Outstanding Bills as of 06/08/10 for the above-mentioned matter

| Bill Date | Bill Number | Total Bill Amount | Balance Due |
|-----------|-------------|-------------------|-------------|
| 02/26/10 | 1301847 | $195,124 | $195,124 |
| 03/24/10 | 1304840 | $201,493 | $201,493 |
| 04/07/10 | 1309095 | $ 97,571 | $ 97,571 |
| | | | $494,188 |

This statement (see above):                        $ 15,092

Total Due:                                        $509,280

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

Shenzhen Development Bank                          Bill Number: 1317372
Florida                                           Bill Date: 06/08/10

| NAME | DATE | HOURS | DESCRIPTION |
|---|---|---|---|
| KAO F | 05/04/10 | 1.80 | WORK ON FEE PETITION ISSUES; WORK ON BIFURCATION REQUEST OPPOSITION. |
| KAO F | 05/07/10 | 1.00 | RESPOND TO INQUIRIES REGARDING LITIGATION; RESOLVE FEE PETITION ISSUES. |
| KAO F | 05/11/10 | 3.50 | REVIEW AND EDIT OPPOSITION TO MOTION FOR BIFURCATION. |
| KAO F | 05/13/10 | 1.40 | REVIEW AND EDIT MOTION OPPOSITION TO MOTION FOR BIFURCATION. |
| KAO F | 05/24/10 | 2.50 | RESPOND TO CLIENT QUESTION; RESPOND TO INQUIRIES REGARDING ATTORNEY FEE PETITION. |
| KAO F | 05/31/10 | 1.60 | WORK ON APPEAL PROCEDURE ITEMS. |
| | | 11.80 | $990/HOUR |
| **TOTAL PARTNER** | | 11.80 | |
| WILLIAMSON AS | 05/04/10 | 4.50 | DRAFT AND EDIT SDB'S RESPONSE TO PLAINTIFFS' MOTION TO BIFURCATE. |
| | | 4.50 | $670/HOUR |
| **TOTAL ASSOCIATE** | | 4.50 | |
| **TOTAL MATTER** | | **16.30** | |

3

D06

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720
———
TEL: (312) 407-0700

FAX: (312) 407-0411

www.skadden.com

DIRECT DIAL
(312) 407-0763
DIRECT FAX
(312) 407-8574
EMAIL ADDRESS
FKAO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 19, 2010

Mr. Lin Jinghua
Shenzhen Development Bank
No. 1054 Bao An Nan Road
9/F Hui Bei Bao Feng Building
Shenzhen, China 518001

RE:   Services For Period Ending June 30, 2010

Dear Mr. Lin,

Please find enclosed the statement for our services through the period ending June 30, 2010.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Frances P. Kao

Enclosure

# SKADDEN, ARPS, SLATE,
# MEAGHER & FLOM LLP
### AND AFFILIATES

Shenzhen Development Bank                           July 19, 2010
No. 1054 Bao An Nan Road                     Bill No.:  1322503
9/F Hui Bei Bao Feng Building
Shenzhen,   China  518001                    TIN:  13-1777230
Attn:  Mr. Lin Jinghua

| | PLEASE REMIT TO: | | |
|---|---|---|---|
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1322503 |

FOR PROFESSIONAL SERVICES rendered
through June 30, 2010 with respect to the
Florida matter ........................................$9,266

### CHARGES AND DISBURSEMENTS

| | |
|---|---|
| Computer Legal Research | $ 62 |
| Reproduction | 2 |
| Courier/Express/Postage | 24 |
| Filing/Court Fees | 510 |
| Electronic Document Management | 2 |
| | $ 600 |

$9,866

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.
***
PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS WHICH HAVE NOT BEEN RECORDED AS OF THE ABOVE DATE
WILL BE BILLED SUBSEQUENTLY.

B01

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES

Shenzhen Development Bank                                July 19, 2010
Page 2                                                   Bill No.:  1322503

### Outstanding Bills as of 07/19/10 for the above-mentioned matter

| Bill Date | Bill Number | Total Bill Amount | Balance Due |
|-----------|-------------|-------------------|-------------|
| 02/26/10  | 1301847     | $195,124          | $ 19,512    |
| 03/24/10  | 1304840     | $201,493          | $ 20,149    |
| 04/07/10  | 1309095     | $ 97,571          | $  9,757    |
| 06/08/10  | 1314455     | $ 69,649          | $ 69,649    |
| 06/08/10  | 1317372     | $ 15,092          | $ 15,092    |
|           |             |                   | $134,160    |

This statement (see above):                              $  9,866

Total Due:                                               $144,026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

Shenzhen Development Bank                          Bill Number: 1322503
Florida                                           Bill Date: 07/19/10

| NAME | DATE | HOURS | DESCRIPTION |
|---|---|---|---|
| KAO F | 06/01/10 | 1.20 | WORK ON APPEAL PROCEDURE ISSUES. |
| KAO F | 06/09/10 | 1.50 | WORK ON FILING MATERIALS FOR APPEAL. |
| KAO F | 06/17/10 | 1.00 | FILE APPELLATE DOCUMENTS. |
| KAO F | 06/29/10 | 2.20 | WORK ON APPEALS ISSUES AND PRELIMINARY FILINGS; TELEPHONE CONFERENCE WITH S. WAGNER. |
| | | 5.90 | $990/HOUR |
| TOTAL PARTNER | | 5.90 | |
| LAPE ML | 06/10/10 | 1.20 | DRAFT AND EDIT 11TH CIRCUIT ADMISSION FORM AND APPEARANCE FORM FOR F. KAO; DRAFT APPEARANCE FORM FOR M. LAPE; REVIEW 11TH CIRCUIT RULES REGARDING SAME. |
| | | 1.20 | $645/HOUR |
| WILLIAMSON AS | 06/14/10 | 1.50 | ATTEND TO CORRESPONDENCE AND PREPARE DISCLOSURE STATEMENT. |
| WILLIAMSON AS | 06/24/10 | 0.50 | FILE SUPPLEMENTED LIST OF INTERESTED PERSON AND CORPORATE DISCLOSURE STATEMENT AND PREPARE CORRESPONDENCE REGARDING THE SAME. |
| | | 2.00 | $670/HOUR |
| TOTAL ASSOCIATE | | 3.20 | |
| HERTZIG DL | | 4.60 | $285/HOUR |
| TOTAL LEGAL ASSISTANT | | 4.60 | |
| TOTAL MATTER | | 13.70 | |

D06

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1720

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

DIRECT DIAL
(312) 407-0763
DIRECT FAX
(312) 407-8574
EMAIL ADDRESS
FKAO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 18, 2010

Mr. Lin Jinghua
Shenzhen Development Bank
No. 1054 Bao An Nan Road
9/F Hui Bei Bao Feng Building
Shenzhen, China 518001

RE:   Services For Period Ending July 31, 2010

Dear Mr. Lin,

Please find enclosed the statement for our services through the period ending July 31, 2010.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

Frances P. Kao

Enclosure

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

## AND AFFILIATES

Shenzhen Development Bank
No. 1054 Bao An Nan Road
9/F Hui Bei Bao Feng Building
Shenzhen,    China  518001
Attn:  Mr. Lin Jinghua

August 18, 2010
Bill No.:  1325670

TIN:  13-1777230

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| By Check: | SASM & F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: 021000089<br>Swift Code: CITIUS33<br>For Credit To Account: 30060143<br>Reference Bill No.: 1325670 |

FOR PROFESSIONAL SERVICES rendered
through July 31, 2010 with respect to the
Florida matter ....................................... $36,175

## CHARGES AND DISBURSEMENTS

| | |
|---|---|
| Computer Legal Research | $1,174 |
| Courier/Express/Postage | 11 |
| Business Travel & Lodging | (853) |
| Outside Research Services | 48 |
| Miscellaneous Outside Expenses | 45 |
| Electronic Document Management | 3 |

$   428

$36,603

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.
***
PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS WHICH HAVE NOT BEEN RECORDED AS OF THE ABOVE DATE
WILL BE BILLED SUBSEQUENTLY.

B01

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES

Shenzhen Development Bank                         August 18, 2010
Page 2                                          Bill No.:  1325670

### Outstanding Bills as of 08/18/10 for the above-mentioned matter

| Bill Date | Bill Number | Total Bill Amount | Balance Due |
|-----------|-------------|-------------------|-------------|
| 02/26/10  | 1301847     | $195,124          | $ 19,512    |
| 03/24/10  | 1304840     | $201,493          | $ 20,149    |
| 04/07/10  | 1309095     | $ 97,571          | $  9,757    |
| 06/08/10  | 1314455     | $ 69,649          | $ 69,649    |
| 06/08/10  | 1317372     | $ 15,092          | $ 15,092    |
| 07/19/10  | 1322503     | $  9,866          | $  9,866    |
|           |             |                   | $144,026    |

This statement (see above):                       $ 36,603

Total Due:                                       $180,629

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
<u>PRIVILEGED AND CONFIDENTIAL</u>

Shenzhen Development Bank      Bill Number: 1325670
Florida            Bill Date: 08/18/10

| NAME | DATE | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| KAO F | 07/09/10 | 1.50 | REVIEW OPPOSITION TO MOTION FOR ATTORNEY FEES; DRAFT MOTION TO FILE REPLY. |
| KAO F | 07/15/10 | 1.10 | EDIT AND FINALIZE MOTION SEEKING LEAVE TO FILE REPLY; RESPOND TO CLIENT INQUIRIES. |
| KAO F | 07/16/10 | 1.00 | READ CASES; WORK ON JURISDICTIONAL ISSUE FOR CIRCUIT COURT; COMMUNICATIONS WITH CLIENT; COMMUNICATIONS WITH S. WAGNER. |
| KAO F | 07/19/10 | 1.60 | WORK ON RULE 54(B) ISSUES. |
| KAO F | 07/20/10 | 1.90 | WORK ON MEDIATION ISSUES; WORK ON CIRCUIT FILING REGARDING JURISDICTIONAL QUESTION. |
| KAO F | 07/26/10 | 1.90 | FINALIZE JURISDICTIONAL MEMO AND RULE 54(B) MEMO; COMMUNICATIONS WITH S. WAGNER; COMMUNICATIONS WITH CLIENT. |
| KAO F | 07/29/10 | 0.70 | ADDRESS CIRCUIT COURT MEDIATION AND JURISDICTION QUESTIONS. |
| KAO F | 07/30/10 | 1.80 | REVIEW AND EDIT REPLY BRIEF FOR MOTION FOR ATTORNEY FEES. |
| | | 11.50 | $990/HOUR |
| **TOTAL PARTNER** | | 11.50 | |
| WILLIAMSON AS | 07/14/10 | 1.00 | REVIEW AND ANALYZE PLAINTIFFS' RESPONSE TO SDB'S MOTION FOR ATTORNEYS' FEES AND EXPENSES. |
| WILLIAMSON AS | 07/15/10 | 1.00 | REVIEW AND ANALYZE JURISDICTIONAL QUESTION POSED BY THE 11TH CIRCUIT. |
| WILLIAMSON AS | 07/16/10 | 1.50 | EDIT AND FILE MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF SDB'S MOTION FOR ATTORNEYS' FEES AND EXPENSES. |
| WILLIAMSON AS | 07/19/10 | 2.00 | ANALYZE THE COURT'S JURISDICTIONAL QUESTION AND RESEARCH RULE THE REQUIREMENTS OF RULE 54(B). |
| WILLIAMSON AS | 07/20/10 | 3.00 | RESEARCH APPELLATE JURISDICTION AND RULE 54(B) CERTIFICATION. |

3

D06

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| WILLIAMSON AS | 07/22/10 | 2.50 | DRAFT AND EDIT RESPONSE TO THE ELEVENTH CIRCUIT'S JURISDICTIONAL QUESTION AND DRAFT AND EDIT SDB'S RULE 54(B) MOTION FOR CERTIFICATION OF THE COURT'S MARCH 26, 2010, ORDER. |
| WILLIAMSON AS | 07/23/10 | 6.00 | DRAFT SDB'S RULE 54(B) MOTION FOR CERTIFICATION OF THE MARCH 26, 2010, ORDER AND EDIT SDB'S RESPONSE TO THE JURISDICTIONAL QUESTION POSED BY THE ELEVENTH CIRCUIT. |
| WILLIAMSON AS | 07/26/10 | 4.50 | EDIT AND FILE SDB'S RESPONSE TO THE ELEVENTH CIRCUIT'S JURISDICTIONAL QUESTIONS AND PREPARE SDB'S RULE 54(B) MOTION. |
| WILLIAMSON AS | 07/27/10 | 5.00 | DRAFT AND EDIT SDB'S RULE 54(B) MOTION. |
| WILLIAMSON AS | 07/28/10 | 4.50 | DRAFT AND EDIT SDB'S REPLY IN SUPPORT OF SDB'S MOTION FOR ATTORNEY'S FEES AND EXPENSES. |
| WILLIAMSON AS | 07/30/10 | 6.00 | EDIT AND FILE SDB'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND LEGAL EXPENSES. |

|  | 37.00 | $670/HOUR |
|---|---|---|
| **TOTAL ASSOCIATE** | 37.00 | |
| **TOTAL MATTER** | **48.50** | |

4

D06

**Exhibit D**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Docket No. 10-12457-JJ

2002 IRREVOCABLE TRUST FOR
RICHARD C. HVIZDAK, a legal trust,
2007 RICHARD C. HVIZDAK
SEPARATE TRUST, a Delaware trust, and
RCH TRUST HOLDINGS I, LP, a
Delaware limited partnership,

*Plaintiffs – Appellants,*

v.

FOSHAN POLY MARINE ENGINEERING
CO., LTD., a Chinese corporation, and SHENZHEN
DEVELOPMENT BANK CO., LTD.

*Defendants – Appellees.*

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
The Hon. Charlene E. Honeywell, Presiding

**DECLARATION OF CASEY K. WEIDENMILLER, ESQ. IN SUPPORT OF
APPELLEE SHENZHEN DEVELOPMENT BANK CO., LTD'S
MOTION FOR ATTORNEYS' FEES & COSTS**

THE WEIDENMILLER LAW FIRM, P.L.
Casey K. Weidenmiller
Florida Bar No. 521035
5150 North Tamiami Trail, Suite 603
Naples, FL 34103
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile

Counsel of Record for Shenzhen
Development Bank Co., Ltd.

I, Casey K. Weidenmiller, declare upon personal knowledge and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746:

1.      I am the principal and managing partner of The Weidenmiller Law Firm, P.L., 5150 N. Tamiami Trail, Suite 603, Naples, Florida 34103.   I am submitting this Declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above-entitled appeal and the reimbursement of expenses incurred by my firm in the course of this appeal.

2.      The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP are counsel of record for Appellee Shenzhen Development Bank Co., Ltd. ("SDB").   The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP's compensation for services rendered in this appeal was billed to SDB on an hourly basis.

3.      The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP have participated in this appeal and have performed work on behalf of SDB in connection with the defense of this appeal.   The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP have played an active role in the defense of the appeal brought by the Plaintiffs, 2002 Irrevocable Trust for Richard C. Hvizdak, 2007 Richard C. Hvizdak Separate Trust and RCH Trust

2

Holdings, I, LP. Specifically, The Weidenmiller Law Firm, P.L. has reviewed, researched and assisted in the response to the Court's jurisdiction question, prepared a notice of filing order on motion for certification and certificate of interested persons and entities, as well as communicated with the mediator regarding mediation.

4.    All attorneys and paralegals at The Weidenmiller Law Firm, P.L. are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters. The total number of hours spent on this appeal by The Weidenmiller Law Firm, P.L. is 13.4 hours through July 31, 2010. None of the time included in this fee application represents any work done in connection with the application for fees. The chart below provides a summary report of The Weidenmiller Law Firm, P.L.'s time charges, including the names, hourly rates, and hours incurred by each of the attorneys and paralegals who worked on this matter:

| Name | Position | Hours | Rate Per Hour | Total |
|------|----------|-------|---------------|-------|
| Casey K. Weidenmiller | Attorney | 2.2 | $375.00 | $825.00 |
| Donald S. Boyd | Attorney | 5.4 | $275.00 | $1,485.00 |
| Susan G. Copeland | Paralegal | 5.8 | $175.00 | $1,015.00 |
| **Total:** | | 13.4 | | $3,325.00 |

3

5.     The billing rates listed in the above chart are reasonable and are representative of those customarily charged for this type of work in this community, based on my experience.

6.     The hours billed by The Weidenmiller Law Firm, P.L. are reasonable.

7.     The Weidenmiller Law Firm, P.L.'s invoices for the months of June 2010 and July 2010 are attached to this Declaration as Exhibit "1".[1]

8.     Frances Kao of Skadden, Arps, Slate, Meagher & Flom, LLP has provided a similar declaration identifying the attorney and paralegal work provided by her firm.  Ms. Kao's declaration has been filed contemporaneously with this declaration.

Executed at Naples, Florida, _8th_ day of September, 2010.

_____
Casey K. Weidenmiller, Esq.

---

[1] In making these materials available for the purposes of this motion, SDB does not waive any attorney-client privilege or attorney work product privilege that may exist under applicable law.

4

**Exhibit D-1**

# The Weidenmiller Law Firm, P.L.

Statement as of June 30, 2010
Statement No. 176

Shenzhen Development Bank Co., Ltd.
c/o Amanda Williamson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

10024-003:  2002 Irrevocable Trust for Richard C. Hvizdak  - Appeal

| Professional Fees | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/14/2010 | SMC | Set up new matter. Research Eleventh District Court website regarding appeal and filing procedures. Receive Notice of appeal fees received and Notice of Appeal filed. (1.5); set up new Appeal file. Research on Eleventh District site regarding Notice of Appearance and filing procedures. (0.8). | 2.3000 | 175.00 | 402.50 |
| 6/15/2010 | SMC | Conference with CKW regarding appeal process. (0.2). | 0.2000 | 175.00 | 35.00 |
| 6/15/2010 | CKW | Review status of appeal and registration for representation of Shenzhen at Eleventh Circuit Court of Appeals. (0.3). | 0.3000 | 375.00 | 112.50 |
| 6/16/2010 | SMC | Research docket in Eleventh Circuit for filing of appeal. Finalize Appearance of Counsel form. (0.5). | 0.5000 | 175.00 | 87.50 |
| 6/17/2010 | SMC | Finalize Appearance of Counsel Form. File documents in matter. (0.3). | 0.3000 | 175.00 | 52.50 |
| 6/22/2010 | SMC | Finalize NOA and send to Court for filing. (0.4). | 0.4000 | 175.00 | 70.00 |
| 6/22/2010 | CKW | Review correspondence from 11th Circuit of Appeals. Review expert witness correspondence. (0.3). | 0.3000 | 375.00 | 112.50 |
| 6/24/2010 | SMC | Update information filed with Eleventh District. (0.4). | 0.4000 | 175.00 | 70.00 |
| | | | Sub-total Fees: | | 942.50 |

### Rate Summary

| | | | |
|---|---|---|---|
| Susan M. Copeland | 4.1000 hours at $ | 175.00/hr | 717.50 |
| Casey K. Weidenmiller | 0.6000 hours at $ | 375.00/hr | 225.00 |
| Total hours: | 4.7000 | | |

**The Weidenmiller Law Firm, P.L.**

| | |
|---|---:|
| Total Current Billing: | 942.50 |
| Previous Balance Due: | 0.00 |
| Total Payments: | 0.00 |
| **Total Now Due:** | **942.50** |

# The Weidenmiller Law Firm, P.L.

Statement as of July 31, 2010
Statement No. 256

Shenzhen Development Bank Co., Ltd.
c/o Amanda Williamson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

10024-003:  2002 Irrevocable Trust for Richard C. Hvizdak  - Appeal

| **Professional Fees** | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/11/2010 | SMC | Review Appellants' Unopposed Motion for Extension of Time to File Initial Brief and Record Excerpts. Calendar and file document. (0.2). | 0.2000 | 175.00 | 35.00 |
| 7/12/2010 | CKW | Review opposition to Motion for Attorney's Fees and Costs. (0.2). | 0.2000 | 375.00 | 75.00 |
| 7/15/2010 | DSB | Conference with CKW; Reviewed correspondence from 11th Circuit Court of Appeals; Legal Research regarding jurisdictional question; Prepared memorandum to CKW regarding jurisdictional question. (2.4). | 2.4000 | 275.00 | 660.00 |
| 7/15/2010 | CKW | Begin research related to 11th Circuit Court of Appeals question regarding jurisdiction. (0.3). | 0.3000 | 375.00 | 112.50 |
| 7/16/2010 | CKW | Review status of agreement. Telephone conference with A. Williamson re status. (0.2). | 0.2000 | 375.00 | 75.00 |
| 7/20/2010 | DSB | Prepared correspondence (E-mail) to CKW regarding jurisdictional question from 11th Circuit Court of Appeals. (0.2). | 0.2000 | 275.00 | 55.00 |
| 7/22/2010 | DSB | Started preparation of Appellee's Reponse to the Court's Jurisdictional Question. (1). | 1.0000 | 275.00 | 275.00 |
| 7/23/2010 | DSB | Continued preparation of Shenzhen's response to teh Court's Jurisidctional Question; Prepared Shenzhen's Certificate of Interested Persons and Corporate Disclosure Statement; Reviewed docket from United States District Court. (1.8). | 1.8000 | 275.00 | 495.00 |
| 7/23/2010 | SMC | Revise draft Certificate of Interested Persons and Corporate Disclosure Statement. Revise draft of Response to the Court's Jurisdictional Question. (1.5). | 1.5000 | 175.00 | 262.50 |
| 7/26/2010 | CKW | Telephone conference with A. Williamson re status of appeal and response to court re jurisdictional question. (0.4). | 0.4000 | 375.00 | 150.00 |

**The Weidenmiller Law Firm, P.L.**                                    Page: 2

| 7/27/2010 | CKW | Review noitce of mediation. Email to A. Williamson and A. Van Gelder re status of mediation. Telephone conference with mediator re postponing mediation. Telephone conference with A. Williamson. (0.7). | 0.7000 | 375.00 | 262.50 |

Sub-total Fees:        2,457.50

### Rate Summary

| Donald S. Boyd | 5.4000 hours at $ 275.00/hr | 1,485.00 |
| Susan M. Copeland | 1.7000 hours at $ 175.00/hr | 297.50 |
| Casey K. Weidenmiller | 1.8000 hours at $ 375.00/hr | 675.00 |
| Total hours: | 8.9000 | |

Total Current Billing:    2,457.50
Previous Balance Due:       942.50
Total Payments:               0.00

**Total Now Due:**        **3,400.00**

**Exhibit E**

## FOR THE ELEVENTH CIRCUIT

Docket No. 10-12457-JJ

2002 IRREVOCABLE TRUST FOR
RICHARD C. HVIZDAK, a legal trust,
2007 RICHARD C. HVIZDAK
SEPARATE TRUST, a Delaware trust, and
RCH TRUST HOLDINGS I, LP, a
Delaware limited partnership,

*Plaintiffs – Appellants,*

v.

FOSHAN POLY MARINE ENGINEERING
CO., LTD., a Chinese corporation, and SHENZHEN
DEVELOPMENT BANK CO., LTD.

*Defendants – Appellees.*

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
The Hon. Charlene E. Honeywell, Presiding

**EXPERT DECLARATION OF JAMES A. BOATMAN, JR., ESQ. IN
SUPPORT OF APPELLEE SHENZHEN DEVELOPMENT BANK CO.,
LTD'S MOTION FOR ATTORNEYS' FEES**

THE WEIDENMILLER LAW FIRM, P.L.
Casey K. Weidenmiller
Florida Bar No. 521035
5150 North Tamiami Trail, Suite 603
Naples, FL 34103
(239) 325-4070 – Telephone
(239) 325-4080 – Facsimile

Counsel of Record for Shenzhen
Development Bank Co., Ltd.

I, James A. Boatman, Jr., declare upon personal knowledge and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746:

1.      I am the managing member of The Boatman Law Firm, P.A., 1415 Panther Lane, Suite 340, Naples, Florida 34109.  My practice is specialized in the following areas:  civil and commercial litigation, including appellate practice.  I am admitted to practice before this Court, the U.S. District Court for the Middle District of Florida, the U.S. District Court for the Southern District of Florida and the U.S. District Court for the Northern District of Florida.

2.      I have been involved for at least three years in periodically adjusting The Boatman Law Firm P.A.'s rates and in monitoring billing rates of other firms in this region and elsewhere.  In my firm, hourly rates for litigators with the experience and skills of Casey K. Weidenmiller, Francis P. Kao, Marcella L. Lape, Amanda S. Williamson and Donald S. Boyd are in the range of $275.00 to $410.00, depending upon the particular matter and area of expertise.  Although some excellent litigators in this area charge somewhat less, in my opinion comparable lawyers working on comparable matters charge no less than $400.00 an hour.

3.     I have reviewed the file in this appeal, including relevant pleadings and the billing records from The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP.

4.     The rates proposed by The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP in connection with the defense of Shenzhen Development Bank Co., Ltd. in the appeal before this Court are reasonable and consistent with those prevailing in the market for comparable lawyers.

5.     The hours billed by The Weidenmiller Law Firm, P.L. and Skadden, Arps, Slate, Meagher & Flom, LLP in connection with the defense of Shenzhen Development Bank Co., Ltd. in the appeal before this Court are reasonable for a case of this nature and complexity.

Executed at Naples, Florida, __8__ day of September, 2010.

_____
James A. Boatman, Jr., Esq.
Fla. Bar 0180184

3

**Exhibit F**

Case No. 10-12457-JJ

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

2002 Irrevocable Trust for Richard C. Hvizdak, 2007 Richard C. Hvizdak Separate
Trust, and RCH Trust Holdings I, LP

Petitioners,

vs.

Shenzhen Development Bank, Co. Ltd.

Respondent-Appellee.

---

APPEAL FROM ORDER GRANTING SUMMARY JUDGMENT
(M.D. Fla. Case No. 2:08-CV-556-MMH-DNF)

---

## APPELLEE'S RESPONSE TO THIS COURT'S
## JULY 12, 2010 REQUEST FOR BRIEFING ON JURISDICTION

Appellee, Shenzhen Development Bank Co., Ltd. ("SDB"), files this response to the Court's July 12, 2010, request for briefing on the following jurisdictional question:

> Whether the district court's March 26 and 29, 2010, order and judgment, (Docs. 185, 187), are immediately appealable final decisions in light of the court's March 18 order, (Doc. 183), which compelled arbitration and stayed the case for six months as to the claims against Foshan Poly Marine Engineering Co., Ltd. Inc. *See* 28 U.S.C. § 1291; 9 U.S.C. § 16(b)(1); *Hill v. Rent-A-Center*, 398 F.3d 1286, 1288 (11th Cir. 2005); *Haney v. City of Cumming*, 69 F.3d 1098, 1101 (11th Cir. 1995).

## INTRODUCTION

This case arises from a yacht purchase gone wrong. In the summer of 2004, Appellants entered into two contracts (the "Sales Contracts") with Foshan Poly Marine Engineering Co. ("Poly Marine") and Custom Marine International, Inc. ("CMI") for the construction and purchase of two yachts. (Doc. 185, March 26, 2010, order granting summary judgment ("March 26, 2010 Order"), at 2.) SDB, a commercial lender to Poly Marine, is not and never was a party to the Sales Contracts. (Doc. 183, order compelling arbitration and staying the case as to Poly Marine (the "March 18, 2010 Order"), at 2.) In early 2005, Appellants sought to cancel the Sales Contracts because of a breach on the part of CMI and Poly Marine. (March 26, 2010 Order at 2-3.) Rather than arbitrate their claims against CMI and Poly Marine, as required by the Sales Contracts, Appellants filed the instant action

1

alleging fraud and conspiracy against SDB and Poly Marine. (March 18, 2010 Order at 1-2.)

On February 12, 2010, Appellants moved to stay the case and compel arbitration between themselves and Poly Marine. (See March 18, 2010 Order at 5.) Based on the arbitration clauses in the Sales Contracts, the district court granted Plaintiffs' motion as to Poly Marine but declined to extend the requested stay to SDB because "the issues decided in an arbitration action against Foshan Poly Marine would not impact the issues asserted against Shenzhen Development Bank." (March 18, 2010 Order at 6.) Roughly one week later, on March 26, 2010, the district court granted SDB's Motion for Summary Judgment on all counts alleged against SDB and directed the clerk to terminate "all pending motions and deadlines and close this case." (March 26, 2010 Order at 18-19.)

## ARGUMENT

The district court's March 18, 2010 Order compelling arbitration between Appellants and Poly Marine and staying the case against Poly Marine does not preclude the Court from exercising jurisdiction over this appeal. The district court's March 26, 2010 Order resolved all of the claims against at least one party, SDB, and therefore can be certified as a final judgment pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54") and immediately appealed. *See* Fed. R. Civ. P. 54(b); (March 26, 2010 Order at 18-19.) That the district court has not yet certified

its March 26, 2010 Order does not immediately strip this Court of its jurisdiction; the resulting lack of jurisdiction can be cured without dismissal by the district court's subsequent Rule 54(b) certification followed by a successive notice of appeal. *See Wilson v. Navistar Int'l Transp. Corp.*, 193 F.3d 1212, 1213 (11th Cir. 1999) (where the notice of appeal was filed before the district court certified its order pursuant to Rule 54(b), "[a] successive notice of appeal filed after a 54(b) certification is effective to confer appellate jurisdiction") (citations omitted); *see also Rivers v. Wash. County Bd. of Educ.*, 770 F.2d 1010, 1011 (11th Cir. 1985).

To certify its March 26, 2010 Order, which adjudicated all of the rights and liabilities as to SDB, the district court must issue a finding that "there is no just reason for delay" of the appeal. Fed. R. Civ. P. 54(b). In light of the district court's previous findings, it is a certainty that the district court will certify its March 26, 2010 Order. Indeed, the district court has already found that delaying the case against SDB to allow for the resolution of Appellants and Poly Marine's arbitration "would not further the goal of avoiding piecemeal litigation since the issues decided in an arbitration action against Foshan Poly Marine would not impact the issues asserted against Shenzhen Development Bank." (March 18, 2010 Order at 6.) The same logic supports a finding that there is no reason to delay the appeal of the district court's order granting summary judgment as to the claims against SDB. Furthermore, the district court's direction to the clerk to terminate "all pending

3

motions and deadlines and close this case" also strongly suggests that the district court intended its grant of summary judgment to be a final order as to SDB. (March 26, 2010 Order at 18-19.)

Accordingly, SDB respectfully requests that the Court continue to exercise jurisdiction over this appeal for the next thirty days to allow SDB to seek the requisite Rule 54(b) certification. Allowing SDB to seek certification while this Court retains jurisdiction will prevent undue delay and the administrative burden that would result from the re-filing and re-noticing of a second appeal.

DATED:  July 26, 2010

_Frances P. Kao_
Amanda S. Williamson
Amy Van L. Gelder
Marcella L. Lape
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700 | Fax: (312) 407-0411

*Attorneys for Defendant Shenzhen Development Bank Co. Ltd.*

4