UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
"FORT MYERS DIVISION"

CASE NO.: 08-cv-556-MMH-DNF

2002 IRREVOCABLE TRUST
FOR RICHARD C. HVIZDAK,
a legal trust, 2007 RICHARD
C. HVIZDAK SEPARATE TRUST,
a Delaware trust, RCH TRUST
HOLDINGS I, LP, a Delaware
limited partnership

    Plaintiffs,
v.

SHENZHEN DEVELOPMENT BANK,
CO LTD.

    Defendants.
_____/

**RESPONSE TO SHENZHEN DEVELOPMENT BANK CO. LTD'S MOTION
FOR ATTORNEYS' FEES & EXPENSES**

COMES NOW, Plaintiffs, 2002 IRREVOCABLE TRUST FOR RICHARD C. HVIZDAK, 2007 RICHARD C. HVIZDAK SEPARATE TRUST, RCH TRUST HOLDINGS I, LP, by and through undersigned counsel, to file its response in opposition to Defendant SDB's Motion and states in support of denial the following:

    A. **Florida Statute 675.109 does not apply to the instant matter.**

The basis for the Defendant's entitlement is Florida Statute § 675.111. Defendant seeks fees because it alleges it is the prevailing party on a remedy sought under Florida Statute 675.109. But Fla. Stat. § 675.109 offers just one remedy to an applicant like the Plaintiffs – an injunction. See § 675.109(2).

The District Court already held the Plaintiffs did not maintain an action for a remedy under § 675.109, specifically injunctive relief. *See* [DE 91], Page 11, Lines 13-23.

The Court held that it did not render any judgment for relief or remedies sought under § 675.109. *Id.* Because the Court has held that there is no judgment for any remedy sought under Chapter 675 and because § 675.111 calls for fees and other expenses of litigation only in an action in which a remedy is sought under this chapter, the Defendant's motion should be denied. Fla. Stat. § 675.111.

**B. Additionally, SDB is *not* a Prevailing Party on Appeal**

Florida Statute § 675.111(5) states that, "reasonable attorney's fees and other expenses of litigation must be awarded to the *prevailing party* in an action in which a remedy is sought under this chapter."

Federal subject matter jurisdiction in this case is based on diversity of citizenship and the forum state is Florida. As such, a Florida statute such as 675.109, if applicable, could serve as a right to obtain fees, only if the party was the prevailing party. *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000).

But before reaching a decision on whether a party is entitled to reasonable fees, the Court must initially determine whether a party is the "prevailing party".

When determining what laws will apply to what claims in a case before the Court, Courts proceed on an issue-to-issue basis. Pursuant to the doctrine of "dépeçage," different issues in a single case may have to be resolved under the laws of different states where the choices influencing decisions differ. *Foster v. United States*, 768 F.2d 1278, 1281 (11th Cir. 1985); R. Leflar, American Conflicts Law, § 3.4 p. 72 (2d ed. 1980).

Dépeçage occurs where the rules of one legal arena are applied to certain issues arising from a given transaction or occurrence, while those of another system regulate the other issues. The technique permits a more nuanced handling of certain multistate/fora situations and thus forwards the policy of aptness. *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 794 n.8 (2d Cir. 1980) (quoting Arthur T. von Mehren, Special Substantive Rules for Multistate Problems: Their Role and Significance in Contemporary Choice of Law Methodology, 88 Harv. L. Rev. 347, 356 n.24 (1974)), cert. denied, 449 U.S. 1080, 66 L. Ed. 2d 804, 101 S. Ct. 863 (1981).

When engaging in dépeçage, the Court should decide whether an issue is procedural or substantive. The Supreme Court has, over the years, increasingly refined the federal choice of law inquiry. The progression of the law can be found in almost any case purporting to apply *Erie* to choose between federal and state law. See, *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965); *Byrd v. Blue Ridge Elec. Cooperative, Inc.,* 356 U.S. 525, 78 S. Ct. 893, 2 L. Ed. 2d 953 (1958); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945).

The two track analysis prescribed by *Hanna v. Plumer* currently governs the issue. *Hanna v. Plumer* 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). Under the *Hanna* rubric, when faced with a potential conflict between federal and state law, the court should first determine whether the state law directly conflicts with some federal statute or rule. *Walker v. Armco Steel Corp*., 446 U.S. 740, 750, 100 S. Ct. 1978, 1985, 64 L. Ed. 2d 659 (1980); Reinke v. O'Connell, 790 F.2d 850, 851 (11th Cir. 1986). If a direct conflict exists, the federal statute or rule will always govern. A federal statute, if it applies, will always trump state law under the Supremacy Clause; there is no occasion to

engage in an Erie analysis, which involves a comparison of state law with federal decisional law.

The same is true with respect to a federal rule of procedure promulgated under the Rules Enabling Act. Subject to the limitations of that Act, if a federal rule of procedure clearly controls a particular issue, then that federal rule also trumps any inconsistent state law or rule. *Gasperini*, 116 S. Ct. 2211 at 2219 n.7; *Hanna*, 380 U.S. at 470-72, 85 S. Ct. 1136 at 1143-44.

In this matter, the initial analysis hinges on a *purely procedural* question – whether a voluntary dismissal without prejudice under the Court's rules of *procedure* makes Appellee a prevailing party. See F.R.A.P. 41.

Only once that procedural question is analyzed can the Court move to the state statute to decide whether fees are awardable and/or reasonable.

Because the threshold question is procedural, the legal analysis must proceed under federal law. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130, 1141 (1966) (dicta); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938); *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir.1987)

Federal law is clear. A voluntary dismissal of a matter without prejudice does not make the Appellee/Defendant a prevailing party. *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315 (11th Cir. Fla. 2002); *Druhan v. American Mutual Life*, 166 F.3d 1324, 1325 n. 4 (11th Cir. 1999); *U.S. Nineteen, Inc. v. Orange County*, 1999 U.S. Dist. LEXIS 22231 (M.D. Fla. Nov. 9, 1999); *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).

The Defendant has not succeeded on any significant issue in the appeal. The appeal was re-filed and the Defendant faces the same viable issues it faced then.

Therefore, because the dismissal was procedural by its very terms, Appellee/Defendant is not the prevailing party, because federal procedural dismissals are governed by Federal law. This threshold question should be answered by federal law before moving on to state law.

Further, even if state law applied, there is a split in the District Courts of Appeal. In fact, it is clear that the earliest decision by the conflicting district courts of appeal holds that a voluntary dismissal without prejudice does not make the defendant a prevailing party. *Simmons v. Schimmel*, 476 So. 2d 1342 (3d DCA 1985). In *Simmons*, the Court held that "although a formal merits determination is not necessary,… there must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed." Under the principles of stare decisis, this decision should be afforded deference. *McGinley v. Houston*, 361 F.3d 1328 (11th Cir. 2004)

There has been no adjudication on the merits in the instant matter. Rather, the parties are in exactly the same position there were just before the voluntary dismissal without prejudice was entered. Because there is no change in legal position between the parties, the Appellee cannot be found as the prevailing party under Florida law either. *Id.*, also see *Moritz v. Hoyt Enters.*, 604 So. 2d 807, 809-810 (Fla. 1992).

WHEREFORE, Plaintiffs respectfully ask this Court deny the Defendant's Motion for Fees.

Dated: January 21, 2011                    Respectfully submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Appellants*
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile:  (786) 221-0601
Email: swagner@moore-and-co.net

**/s/ Scott A. Wagner**
_____
Michael T. Moore, Esq.
Florida Bar No. 207845
Scott A. Wagner, Esq.
Florida Bar No. 10244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Court's CM/ECF system.

**/s/ Scott A. Wagner**
_____
Scott A. Wagner, Esq.