UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2002 IRREVOCABLE TRUST FOR
RICHARD C. HVIZDAK, 2007 RICHARD C.
HVIZDAK SEPARATE TRUST, and RCH
TRUST HOLDINGS I, LP,

        Plaintiffs,

v.                                Case No.: 2:08-cv-556-MMH-DNF

SHENZHEN DEVELOPMENT BANK CO.,
LTD., and FOSHAN POLY MARINE
ENGINEERING CO., LTD.,

        Defendants.

_____/

**DEFENDANT SHENZHEN DEVELOPMENT
BANK CO., LTD.'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEY'S FEES & EXPENSES**

       Defendant, Shenzhen Development Bank Co., Ltd. ("SDB") respectfully submits this

Reply in Support of its Motion for Attorney's Fees and Expenses (the "Motion") to correct the

misstatements of fact and law made by Plaintiffs in their Response to SDB's Motion (the

"Response").

**I.  PLAINTIFFS MISSTATE THE FACTS IN THE RECORD CONCERNING THEIR
CLAIMS UNDER FLA. STAT. § 675.109 AND THE DISTRICT COURT'S RULING
ON THOSE CLAIMS**

       Plaintiffs' most egregious misstatement of fact is their claim that "Fla. Stat. § 675.109

does not apply to the instant matter." (Pet. Resp. at 1.) This directly contradicts Plaintiffs' Civil

Appeal Statement, which asserted that the resolution of the appeal would turn on the Appeals

Court's interpretation of Fla. Sta. § 675.109. (SDB's Mot. Ex. A at 2.) Plaintiffs should be

judicially estopped from claiming that Fla. Stat. § 675.109 is not at issue in this case because it is contrary to their previous arguments before the Appeals Court.  *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).

Similarly inaccurate is Plaintiffs' contention that the District Court "held the Plaintiffs did not maintain an action for a remedy under § 675.109."  (Resp. at 2.)  The district court never made any such holding.  (Hr'g Tr. April 9, 2010, Attached as Ex. A., at 10-12.)  The Court merely acknowledged that it had never ruled on a claim for injunctive relief.  (*Id.* at 11:19-21 ("[Y]ou didn't continue the count for injunctive relief in your amended complaint.  So the Court, in this case, did not rule on injunctive relief.").)

Furthermore, the Court's statement is irrelevant to SDB's entitlement to attorney's fees and legal expenses pursuant to Fla. Stat. § 675.111(5).  As discussed below, Fla. Stat. § 675.111(5) allows for recovery of attorney's fees and expenses of litigation when any remedy, not just an injunction, is sought under Chapter 675.  Fla. Stat. § 675.111(5) cmt. 6. ("[I]t applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111.")

## II.  PLAINTIFFS ALSO MISSTATE THE APPLICABLE LAW

### A.  The Right to Attorney's Fees and Legal Expenses Under Fla. Stat. § 675.111(5) is not Limited to Actions Seeking Injunctive Relief

Plaintiffs wrongly claim that attorney's fees and legal expenses are only available under Fla. Stat. § 675.111(5) in cases where an injunction is sought.  (Resp. at 2.)  Fla. Stat. § 675.111(5) contains no such limitation, but rather provides for a mandatory award of reasonable attorney's fees and expenses of litigation whenever "***a remedy*** is sought under this chapter."  Fla. Stat. § 675.111(5) (emphasis added).  Any doubt that "a remedy" encompasses more than just injunctive relief is dispelled by the following statement from the official comments:

2

> Subsection (e) authorizes attorney's fees in all actions where a remedy is sought 'under this article.' It applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111.

Fla. Stat. § 675.111(5) cmt. 6. Accordingly, Plaintiffs' assertion that the statute limits relief to cases involving injunctions should be summarily dismissed.[1]

### B.   SDB's Right to Attorney's Fees and Legal Expenses is Governed by Florida Law

Plaintiffs incorrectly assert that federal law governs whether SDB is a prevailing party within the meaning of Fla. Stat. § 675.111(5). Where, as here, the right to attorney's fees and expenses "sounds in state law and reaches [the Court] by way of federal diversity jurisdiction, [the Court] appl[ies] the substantive law of Florida, the forum state." *Trans Coastal Roofing Co., Inc. v. David Boland Inc.*, 309 F.3d 758, 760 (11th Cir. 2002); *see also Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 259 n.31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (citations and quotations omitted)*; Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x. 962, 963 (11th Cir. 2008) ("[w]e have consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law"); *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000) (right to attorney's fees under Fla. Stat. § 627.428 is "substantive law for *Erie* purposes"); *McMahan v. Toto*, 256 F.3d 1120, 1132-34 (11th Cir. 2001) (same); *Fireman's Fund Ins. Co. v. Tropical*

---

[1]   Plaintiffs' claim that they did not seek an injunction under Fla. Stat. § 675.109 is also erroneous. Plaintiffs' first complaint contained a count seeking an injunction under Fla. Stat. § 675.109, Plaintiffs obtained a temporary restraining order based on Fla. Stat. § 675.109, and Plaintiffs included a claim for such injunctive relief in their final pretrial statement. (See Ex. B at 13-14, Ex. C at 4, Ex. D at 10, 30.)

*Shipping & Constr. Co.*, 254 F.3d 987, 1009-1013 (11th Cir. 2001) (analyzing award of attorney's fees pursuant to Fla. Stat. § 627.428 under Florida law); *Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1256 (11th Cir. 1988) ("[i]n a diversity case, state law governs the availability of attorney's fees under an indemnity claim"); *Parra v. Minto Townpark, LLC*, No. 08-14168-CIV-GRAHAM, 2009 U.S. Dist. LEXIS 81227, at *4 (S.D. Fla. Aug. 21, 2009) (in analyzing whether fees should be awarded under Florida Deceptive Trade Practices Act, court applied "Florida law to determine whether Defendants are prevailing parties").

In keeping with this precedent, the Court of Appeals, in *Prime Insurance Syndicate*, relied on state law when determining whether a party had prevailed under a Florida statute mandating attorney's fees in certain insurance cases. 270 F. App'x. at 963; *see also McMahan*, 256 F.3d at 1132-34 (after finding statute awarding attorney's fees was substantive for *Erie* purposes, court relied on Florida's choice-of-law rules to determine entitlement to fees); *Fireman's Fund Ins.*, 254 F.3d at 1009-1013 (11th Cir. 2001) (analyzing state law to determine "whether the district court properly applied" the state statute awarding attorney's fees). Plaintiffs have not presented any reason for this Court to depart from its prior analysis, nor have they identified any federal law in conflict with an award of reasonable attorney's fees and legal expenses under Fla. Stat. 675.111(5). Thus, this Court should follow applicable legal precedent and apply Florida law in determining whether SDB is a prevailing party within the meaning of Fla. Stat. § 675.111(5).

### C.  SDB is a Prevailing Party Under Florida Law

Plaintiffs' assertion that SDB is not a prevailing party under applicable Florida law is without merit. (Resp. at 5-6.) Tellingly, Plaintiffs do not dispute that, under the majority approach adopted by Florida courts, Plaintiffs' voluntary dismissal without prejudice made SDB the prevailing party in this action. (*See id.*) Plaintiffs also do not dispute that SDB would be the

prevailing party under the minority approach as set forth in *Englander v. St. Francis Hospital, Inc.* 506 So. 2d 423, 424 (Fla. Dist. Ct. App. 1987). (*See id.*)  Instead, Plaintiffs attempt to rely on two cases that are inapplicable to the facts of their case: *Simmons v. Schimmel*, 476 So. 2d 1342, 1345 (Fla. Dist. Ct. App. 1985) and *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 809 (Fla. 1992).

In *Simmons*, the Third Circuit followed Florida's minority approach and held that the defendant could not be a prevailing party because the record contained evidence suggesting that the plaintiff could have succeeded on her claims.  *Simmons*, 476 So. 2d at 1345.  Unlike the plaintiff in *Simmons*, Plaintiffs have not set forth any evidence suggesting that they could succeed on appeal.  To the contrary, the record shows that SDB was the prevailing party before the lower court – summary judgment was granted in SDB's favor on all claims – and that Plaintiffs voluntarily dismissed their appeal to avoid dismissal by the Court for lack of jurisdiction.  (SDB's Mot. Ex. B ¶ 6.)  Because there is no evidence suggesting that Plaintiffs would be successful on appeal, SDB should be deemed the prevailing party in this appeal.  *See Englander*, 506 So. 2d at 424 (distinguishing *Simmons* and stating that where no evidence established the dismissed party's liability, the dismissed party "could be deemed a prevailing party and entitled to attorneys' fees, if it showed that, had not the voluntary dismissal intervened, the case would have concluded with the entry of summary judgment in its favor").

Plaintiffs' reliance on *Moritz* is similarly misplaced.  Unlike the instant appeal, the case in *Moritz* was not dismissed, but rather went to trial.  *Moritz*, 604 So. 2d at 809.  The question before the court in *Moritz* was whether the prevailing party was the party that succeeded on the merits or the party that recovered the largest portion of the sum in dispute.  *Id.* at 810.  The court found that it was the former.  *Id.*  Neither this holding nor the court's supporting analysis has any

relevance in determining whether SDB is a prevailing party within the meaning of Fla. Stat. § 675.111(5), and thus, it need not be considered by this Court.

### III. AS A PREVAILING PARTY IN AN ACTION INVOLVING FLA. STAT. § 675.109 SDB IS ENTITLED TO RECOVER $17,039 IN ATTORNEY'S FEES AND EXPENSES OF LITIGATION

As the prevailing party in this action, SDB is entitled to recover its reasonable attorney's fees and expenses of litigation in an amount not less than $17,039.  (SDB's Mot. at 7-11.) Plaintiffs have not challenged the amount of this award, and thus, this Court is free to assume that it is reasonable.  *Glassroth v. Moore*, 347 F.3d 916, 918 (11th Cir. 2003) ("Ordinarily, we grant in full applications for fees and expenses to which no objection has been filed, the assumption being that in our adversary system of justice opposing parties can be counted on to look out for their own fiscal well-being and to complain if the requested fees and expenses are out of line.").

### Conclusion

SDB respectfully requests that this Court grant its Motion and award attorney's fees and other litigation expenses, pursuant to Fla. Stat. § 675.111(5), in the amount of $17,039.

Dated: January 27, 2011

Respectfully submitted,

 */s/ Frances P. Kao*
Frances P. Kao
Amanda S. Williamson
Skadden, Arps, Slate, Meagher
Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700
Fax: (312) 407-0411

Casey K. Weidenmiller
Florida Bar No. 0521035
Weidenmiller & Michetti, PL
5150 North Tamiami Trail Suite 603
Naples, Florida 34109
Tel: (239) 325-4070
Fax: (239) 325-4080

*Attorneys for Defendant Shenzhen Development Bank, Co. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2011, I electronically filed the foregoing Reply in Support of Motion for Attorney's Fees with the Clerk of the Court by using the CM/ECF system.

/s/ Casey K. Weidenmiller
Casey K. Weidenmiller
Florida Bar No. 0521035
Weidenmiller & Michetti, PL
5150 North Tamiami Trail Suite 603
Naples, Florida 34109
Tel: (239) 325-4070
Fax: (239) 325-4080
cweidenmiller@lawfirmnaples.com