**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

2002 IRREVOCABLE TRUST FOR
RICHARD C. HVIZDAK, a legal trust,
2007 RICHARD C. HVIZDAK SEPARATE
TRUST, a Delaware trust, RCH TRUST
HOLDINGS I, LP, a Delaware Limited
partnership,

      Plaintiffs,

v.                                   CASE NO. 2:08-cv-556-FtM-36DNF

SHENZHEN DEVELOPMENT BANK,
CO., LTD, and FOSHAN POLY MARINE
ENGINEERING CO., LTD, a Chinese Corporation,

      Defendants.

_____/

## ORDER

This cause comes before the Court upon Defendant Shenzhen Development Bank's ("Defendant") Motions for Award of Attorneys' Fees and Expenses (Docs. 193, 221), in connection with the district court action and in connection with the appellate court action.   Plaintiffs filed responses in opposition to the motions (Docs. 199, 203, 223).   Defendant then replied to the responses (Docs. 207, 224).   After review of the memoranda, declarations and affidavit, billing records and other documents, and for the reasons that follow, the Court will grant Defendant's motions in part and deny them in part.

### I. BACKGROUND

The procedural history and background of this case is set forth in the Court's Order granting Defendant Shenzhen Development Bank's Motion for Summary Judgment (Doc. 185).   In short, Plaintiffs commenced this action over three years ago and sought a Temporary Restraining Order

and Injunctive Relief against Huntington National Bank and Defendant (Docs. 1, 2, 47).  The

temporary restraining order was granted, and Plaintiffs and Defendant settled the issue of injunctive

relief (doc. 60).  Subsequent to reaching an agreement on the Motion for Injunctive Relief, Plaintiffs

filed an Amended Complaint (Doc. 77) and a Second Amended Complaint (Doc. 102) in which they

asserted claims for fraud, negligent misrepresentation, negligence, and conspiracy to commit fraud.

Plaintiff did not replead the count for injunctive relief.   Throughout the litigation, however,

Plaintiffs argued that a lenient "letter of credit fraud" standard should apply to their claims pursuant

to Florida Statute § 675.109.

On March 26, 2010, the Court granted summary judgment in Defendant's favor (Doc. 185).

In doing so, the Court discussed laws governing letters of credit and found that, *inter alia*, the

independence principle barred Plaintiffs' claims for fraud, negligent misrepresentation, negligence,

and conspiracy to commit fraud against Defendant for losses Plaintiffs suffered as a result of its

business deal with a Chinese boat manufacturer. *See generally id.*  On April 9, 2010, Plaintiffs filed

a notice of appeal of that Order (Doc. 190).  Defendant filed the instant motion seeking attorney's

fees and expenses pursuant to § 675.111(5), Fla. Stat.

Subsequently, Plaintiffs voluntarily dismissed their appellate action, stating that the Court

of Appeals lacked jurisdiction over the appeal as filed.[1]  Doc. 221 Ex. B at ¶¶5–6.  The Clerk of

Court for the Eleventh Circuit Court of Appeals entered an order granting Plaintiffs' motion and

dismissed the appeal.  Doc. 218-1.

As a result of this voluntary dismissal, Defendant filed a motion seeking attorney's fees and

expenses incurred in litigating the appeal.  Doc. 218-2. On November 10, 2010, the Eleventh Circuit

---

[1]The appeal was subsequently re-filed.

Court of Appeals transferred the motion to this Court. Doc. 218-4. This Court granted Defendant leave to file its motion for fees. On January 5, 2011, Defendant filed its motion for appellate attorney's fees and expenses in this Court (Doc. 221).

## II. ANALYSIS

### A. Defendant Is Entitled to An Award of Attorney's Fees for the District Court Action

Where the right to attorney's fees and expenses "sounds in state law and reaches [the Court] by way of federal diversity jurisdiction, [the Court] appl[ies] the substantive law of Florida, the forum state." *Trans Coastal Roofing Co., Inc. v. David Boland Inc.*, 309 F.3d 758, 760 (11th Cir. 2002); accord *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. Appx 962, 963 (11th Cir. 2008) ("[w]e have consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law"). Thus, Florida law, and not federal law, governs an award of attorney's fees in this case.

Florida Statute § 675.111(5) provides for "[r]easonable attorney's fees and other expenses of litigation [for] the prevailing party in an action *in which a remedy is sought under this chapter*." (Emphasis added). The award of such fees is compulsory. *Id.* The official comments state that the fee provision is to be construed broadly:

> The court *must* award attorney's fees to the prevailing party, whether that party is an applicant, a beneficiary, an issuer, a nominated person, or advisor...Subsection (e) authorizes attorney's fees *in all actions* where a remedy is sought 'under this article.' It applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111.

Fla. Stat. § 675.111(5), cmt. 6. (Emphasis added). The statute clarifies that the expression "in all actions" shall also be given broad construction: "[a]ction, in the sense of a judicial proceeding, includes recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights

are determined." Fla. Stat. § 671.201(l).[2]

Defendant requests attorney's fees and expenses under § 675.111(5), Fla. Stat., as the prevailing party in the action before this Court.  Plaintiffs argue that they did not maintain an action for injunctive relief under § 675.109, Fla. Stat. While it is true that Plaintiffs' Second Amended Complaint does not seek an injunction and does not invoke § 675.109, Plaintiffs nonetheless initiated an action that sought remedies under § 675.109.  *See* Doc. 1 ¶¶1, 81 ("This is a complaint for fraud seeking an immediate temporary restraining order and permanent injunctive relief to enjoin payment on two letters of credit coming due for draw on July 21, 2008...This is an action for injunctive relief to enjoin payment by Huntington to SDB in China, whereby payment would make the final step of the fraud perpetrated by Foshan, its agents, and SDB upon the Plaintiffs under Florida's Letter of Credit Statute § 675.109(2)").  After filing their initial Complaint, Plaintiffs obtained a temporary restraining order under § 675.109 and negotiated a settlement with Defendant of their motion for preliminary injunction, brought under the same section.  *See* Docs. 14, 47, 60. Moreover, in their First Amended Complaint and Second Amended Complaint, Plaintiffs maintained a cause of action under so-called "letter of credit fraud," and defended against Defendant's Motion to Dismiss and Motion for Summary Judgment by citing § 675.109.  *See* Doc. 87 at 4–7; Doc. 127 at 18–25.

In considering a similar cause of action, the Southern District of Florida found:

> ...because the issuer of a letter of credit...cannot refuse to honor a facially conforming request for payment except in limited circumstances such as fraud, proving that [the Chinese bank] committed fraud in the procurement of the letter of credit would have

---

[2]  The general definitions in part II of Chapter 671 apply to Chapter 675, Florida Statutes. *See* 675.103(3).

supported Plaintiff's request for an injunction under chapter 679...In fact, the entire
purpose of the litigation was...so that Plaintiffs could obtain an injunction precluding
[the American bank] from honoring [the Chinese bank's] request for payment.

*Jaffe v. Bank of Am., N.A.*, 674 F. Supp. 2d 1360, 1362–63 (S.D. Fla. 2009) *aff'd* 2010 U.S. App.

LEXIS 18496 (11th Cir. September 3, 2010).  In that case, Judge King reasoned that Plaintiffs'

remedy was actively pursued throughout the entire course of the litigation, and did not terminate

upon the issuance of the preliminary injunction.

Likewise, in the case at hand, Plaintiffs negotiated a preliminary injunction and then

ultimately pursued a remedy that would permanently enjoin Defendant from drawing on the letters

of credit.  Plaintiffs remedy was pursued throughout the litigation and did not terminate upon

settlement of the Motion for Preliminary Injunction.[3]  Moreover, in their pretrial statement, Plaintiffs

sought relief in the form of a "[p]ermanent injunction to enjoin Defendant SDB from drawing on the

Letters of Credit" and also submitted a question of law and a jury instruction regarding the

application of § 675.109.  *See* Doc. 168 at 10; 30, Exh. C.

Plaintiffs' argument that attorney's fees and legal expenses are only available under the

statute where an injunction is sought is without merit.  The statute contains no such limitation, and

the statute's grant of attorney's fees and expenses whenever "a remedy is sought under this chapter"

is broad in its scope.  *See* Fla. Stat. 675.111(5) cmt. 6 ("Subsection (e) authorizes attorney's fees in

all actions where a remedy is sought 'under this article.'  It applies even when the remedy might be

an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-

111").  Thus, because Plaintiffs initiated and pursued an action that sought remedies under Chapter

---

[3]  Plaintiffs even went so far as to request that the Court enjoin Defendant from drawing
on the letters of credit pending their appeal.  *See* Doc. 186 at 3; Doc. 196 at 7:6-7 ("...what we're
asking the Court to do is simply enjoin Shenzhen from drawing on that letter of credit...").

675, reasonable attorneys fees must be awarded to Defendant as the prevailing party in the district court action.

**B. Defendant Is Entitled to an Award of Attorney's Fees for the Appellate Action**

Defendant requests attorney's fees and expenses under § 675.111(5), Fla. Stat. as the prevailing party in the appellate action. Plaintiffs, again, argue that they did not maintain an action for injunctive relief under § 675.109, Fla. Stat. Plaintiffs also argue that Defendant did not prevail in the appellate court action. The Court disagrees with Plaintiffs. On appeal, Plaintiffs asserted that a resolution of the matter would turn on the Eleventh Circuit's interpretation of Florida Statute 675.109:

> (2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute? [Answer selected] Yes.
>
> If yes, provide:
>> (A) Case name/statute: [Answer offered] "Florida Statute 675.109."
>> (B) Citation: [Answer offered] *"Harris Corp. v. National Iranian Radio & Television*, 691 F.2d 1344 (11th Cir. 1982)."[4]

Doc. 221, Ex A at 2. In addition, Plaintiffs' statement of issues to be raised on appeal reads: "The Appellants plan to raise issues regarding the record evidence and the legal standard regarding how "fraud" is defined under a Letter of Credit and how a prima facie case for fraud by a Beneficiary under a Letter of Credit is determined." *Id.* Thus, it is beyond dispute that Plaintiffs sought a remedy for "letter of credit fraud" under Florida Statute 675.109 in pursuing their appellate court

---

[4]This case, cited by Plaintiffs at oral argument on Defendant's Motion for Summary Judgment, considers whether the so-called "letter of credit fraud" standard could withstand the independence principal. In the Court's Order granting Defendant's Motion for Summary Judgment, the Court distinguished the facts of *Harris Corp.* from those presented by Plaintiffs in the case at hand. *See* Doc. 185 at 12 n.3.

action.[5]

A federal court sitting in diversity must apply state law to determine prevailing party status. *See Parra v. Minto Townpark, LLC*, 2009 U.S. Dist. LEXIS 81227, at *4 (S.D. Fla. August 21, 2009 (*citing McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001). Two approaches have been utilized by Florida courts in determining whether a party is the prevailing party after a voluntary dismissal without prejudice. The majority view holds that a defendant is automatically deemed a prevailing party when the plaintiff voluntarily dismisses the case, even if that dismissal is without prejudice. *See Alhambra Homeowners Ass'n v. Asad*, 943 So.2d 316, 317–18 (Fla. 4th DCA 2006) ("[t]he general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation"). The second approach, utilized by a minority of Florida courts, requires that an applicant for statutory attorney's fees and expenses also establish that, had the case been adjudicated on the merits, it would have "concluded with the entry of summary judgment in [the applicant's] favor. *Englander v. St. Francis Hosp., Inc.*, 506 So.2d 423, 424 n. 2 (Fla. 3d DCA 1987) ("Where the defendant would not have prevailed on the merits, it does not matter why the plaintiff voluntarily dismissed the action; where the defendant would have prevailed on the merits, the plaintiff's reasons for dismissal, no matter how strategic, are irrelevant").

The Court finds that Defendant qualifies as the prevailing party in Plaintiffs' appellate action under both approaches. Under the first approach, Plaintiffs voluntarily dismissed their case without prejudice on August 19, 2010, and Defendant was therefore entitled to prevailing party status once

---

[5]Plaintiffs/Appellants' appellate briefs reiterate this point, arguing for the application of a "flexible standard for fraud for a Court when evaluating the Beneficiary's conduct under circumstances involving Letter of Credit fraud..." *See* Appellants' Reply at 14.

the Eleventh Circuit Court of Appeals entered an order dismissing the action. Under the second

approach, this Court granted summary judgment in favor of Defendant on all of the claims against

it. The Eleventh Circuit has now affirmed the Court's Order granting summary judgment in favor

of Defendant on the merits. *See 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l*

*Bank,* 2011 U.S. App. LEXIS 11320 (11th Cir. June 3, 2011); *see also* Doc. 225. The appeal has

concluded in Defendant's favor. *See Englander*, 506 So.2d at 424; Doc. 221 at 6.

**C**. **The Reasonableness of the Fees Requested**

Having determined that Defendant is entitled to attorney's fees and expenses, the Court now

considers the reasonableness of the fees and expenses claimed. In order to determine the award of

attorney's fees to a prevailing party, the court must determine the "lodestar," which is calculated by

multiplying the number of hours reasonably expended in litigation by a reasonable hourly rate.

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Norman v.*

*Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In calculating the

lodestar, the Court should give due consideration to the factors set forth in *Hensley*.[6]

      1.      **Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for

similar service by lawyers of reasonably comparable skills, experience, and reputation." *Norman*,

---

[6]The 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley* at 430 n.3 (internal citation omitted).

836 F.2d at 1299. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates." *Id.* (citation omitted). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence". *Id.* The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which th expert has knowledge." *Id.* The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Norman*, 836 F.2d at 1303; *Loranger v. Steirheim*, 10 F. 3d 776, 781 (11th Cir. 1994).

Here, Defendant submitted the declaration of its counsel, Frances P. Kao, in support of the motion for fees and expenses (Doc. 193, Exh. 1). Counsel states that the billing rates charged by her firm are reasonable and commensurate with other New York-based firms of the same size and that the total hours expended are reasonable.[7] As for the expenses, counsel opines that the expenses are reasonable and were necessary for the defense of this action. Additionally, Defendant submitted the declaration of Casey K. Weidenmiller, its local counsel, in support of the motion (Doc. 193, Exh. 4), who reaches similar conclusions regarding his firm's hourly rates and the number of hours expended in this litigation. Finally, Defendant submitted a declaration from Gregory Woods, its fee expert (Doc. 193, Exh. 6). Attorney Woods, likewise, opines that the rates proposed by the firms in this case are reasonable and consistent with prevailing rates in this market for comparable lawyers. He also opines that the hours billed are reasonable for a case of this nature.

---

[7] Perhaps recognizing that the fees charged in New York and Chicago are not commensurate with the fees charged in Florida, the attorneys at Skadden Arps are requesting an award of fees at the rate used by Defendant's local counsel, Mr. Weidenmiller.

Plaintiffs argue that the hourly rates sought by counsel for Defendant are unreasonable and do not reflect the prevailing market rate in this community. Plaintiffs submitted an affidavit from Henry H. Bolz III, its fee expert (Doc. 203, Exh. 1). Attorney Bolz opines that neither the hourly rates sought by defense counsel, nor the number of hours are justifiable. The Court agrees. The hourly rates  charged by Defendant's attorneys are atypical of the rates charged for similar matters in the Fort Myers legal community by lawyers of similar skills and reputation. Specifically, Defendant has requested the following hourly rates:

| Attorney | Years of Experience (as of 2010) | Hourly Rate |
| --- | --- | --- |
| Frances Kao | 18 | $400 |
| Amanda Williamson | 7 | $350 |
| Amy Van Gelder | 7 | $350 |
| Marcella Lape | 6 | $350 |
| Agnes Lee | contract attorney | $141 |
| Casey Weidenmiller | 9 | $375 |
| David Schnitzer | 14 | $325 |
| Nancy N. Beaty (Paralegal) | | $175[8] |

In *Jaffe v. Bank of America*, 2009 U.S. Dist. LEXIS 119984 (S.D. Fla. December 16, 2009), the court held that an hourly rate of $375 for an attorney in Miami with thirty years of experience was a reasonable rate to charge in a matter similar to this one. *See also BB&T v. Malabar Dev., LLC*, 2011 U.S. DIST. LEXIS 68162, at *7 (M.D. Fla. June 6, 2011) ("The [Middle District of Florida Fort Myers Division] has previously found that a reasonable hourly rate for attorneys practicing between 20 and 30 years is between $310.00 and $375.00"). The *Jaffe* court also found

---

[8] Plaintiff does not contest the hourly rate of paralegal Nancy N. Beaty.

an hourly rate of $285 for a partner with 25 years experience to be reasonable.  See Jaffe, 2009 U.S.

Dist. LEXIS 119984 at *1364.  Further, the *Jaffe* court found an hourly rate of $200–225 for

associates with five years experience to be reasonable.  *Id.*  Although *Jaffe* predates the case at bar

and involved rates in Miami, the Court finds those fees to be instructive.

The Court may consider its own knowledge and experience concerning reasonable attorney's

fees and may form an independent judgment either with or without the aid of witnesses.  *Norman*,

836 F. 2d at 1303.  Based on its experience at determining attorney's fees and familiarity with the

prevailing market rate in the Fort Myers geographical area, the Court finds the following rates to be

reasonable for the attorneys and paralegal listed below:

| Attorney | Awarded Rate |
|---|---|
| Frances Kao | $375 |
| Amanda Williamson | $225 |
| Amy Van Gelder | $225 |
| Marcella Lape | $225 |
| Agnes Lee[9] | 0 |
| Casey Weidenmiller | $325 |
| David Schnitzer | $275 |
| Nancy N. Beaty (Paralegal) | $175 |

## 2.      Number of Hours Expended

Next, the Court must determine whether the number of hours expended is reasonable.  In

---

[9]As will be discussed, *infra*, no hourly rate is determined for Agnes Lee because no attorney's fees are awarded for her.

11

determining the number of hours reasonably expended, the court does not include excessive, redundant or otherwise unnecessary hours in the computation. *See American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary'"); *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939–40) (same). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivens v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "Where fee documentation is voluminous...an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger*, 10 F.3d at 783. If all the time requested is not compensable, appears excessive, contains vague entries for co-counsels' services, such an across-the-board reduction is appropriate. *Hepsen v. J.C. Christensen and Assocs., Inc.,* 394 Fed. Appx. 597, 600-01 (11th Cir. Aug. 25, 2010); *see Bivins v. Wrap It Up, Inc.*, 380 Fed. Appx. 888, 891 (11th Cir. May 27, 2010)(finding that 85 percent across-the-board reduction was appropriate). In cases where the district court uses an across-the-board cut, the court must state its reasons for selecting the specific percentage reductions. *Bivens*, 548 f.3d at 1350.

Defendant has requested payment for the following hours billed:

| Attorney | Hours Billed |
|---|---|
| Frances Kao | 194.4 |
| Amanda Williamson | 516.4 |
| Amy Van Gelder | 444.6 |

| Marcella Lape | 309.0 |
| Agnes Lee | 224.3 |
| Casey Weidenmiller | 91.3 |
| David Schnitzer | 24.6 |
| Nancy N. Beaty (Paralegal) | 67.9 |

Plaintiffs' expert, Henry H. Bolz, notes that the hours listed above include several redundancies. *See* Doc. 203-1 at 5–12. In particular, Bolz notes duplicative efforts undertaken by Skadden Arps' associates. The Court agrees with Bolz's analysis, in part. Specifically, the Court finds that much of the work performed by the Skadden Arps' associates was redundant. For instance, associates Williamson and Lape billed 13.2 and 21.1 hours, respectively, in preparing for and attending the October 31, 2008 Motion to Dismiss and Motion for Preliminary Injunction hearing, though neither attorney spoke substantively on behalf of Defendant. Doc. 203-1 at ¶21. Also present at that hearing were attorneys Kao and Weidenmiller, who billed 25.2 and 9.8 hours, respectively, in conjunction with that hearing. The Eleventh Circuit has noted "that the presence of four attorneys at the demonstration was patently excessive". *American Civil Liberties*, 168 F.3d. at 434. Other examples of redundant and unnecessary associate work involve billing over 160 hours of associate time for drafting a motion to dismiss, and billing over 75 hours of associate time in drafting a motion for summary judgment. *See id.* at ¶¶21–28. Defendant argues, in reply to the opinion of Bolz, that the time expended by the associates was not duplicative because the time entries included time for other activities. Therein lies the problem. The billing invoices submitted by Skaden Arps are replete with block billing. There are numerous entries by the partner and associates where multiple tasks were performed and recorded in a single entry, making it difficult for the Court to determine the amount of time spent on each task. *See Kearney v. Auto-Owners Ins.*

13

*Co.*, 713 F. Supp. 2d 1369, 1377-78 (M.D. Fla. 2010)("When attorneys include multiple tasks in a single time entry, courts cannot determine the amount of time spent on particular tasks. While attorneys cannot  be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them hundreds of dollars to perform.").

Second, several time entries have redacted information. These redactions do not allow the Court to determine whether such tasks are compensable and/or related to the present case. *E.g.* Doc. 193, Ex. 2, 3, 7, 9, 20, 21, 22, 28, 38, 39. If Defendant wanted to maintain the confidentiality of the information, Defendant should have filed a motion to submit an unredacted copy of the billing records under seal. As a result of these redactions, the Court is unable to determine whether such entries are related to this case.

Based on these problems with Defendant's submission, the Court elects to reduce the billing request "with an across-the-board cut." *See Durden v. Citicorp Trust Bank, FSB,* No. 3:07-cv-874-J-334JRK, 2011 WL 337363, at *7 (citing *Bivens*, 548 F. 3d at 1350). To account for the redacted entries and the block billing, the Court will reduce the overall attorneys' fee award by 20%. This reduction, however, will not be made until after the Court considers another issue with Defendant's request, which is discussed below.

The Court also finds that the contract attorney fees of Agnes Lee appear to be duplicative of the costs requested related to translation expenses. Because the Court may award expenses for translation services, the time spent by attorney Lee translating documents will not be compensated. If no award is made for translation services, the Court will reconsider the time spent by attorney Lee on this matter.

The billing invoices of local counsel, Casey Weidenmiller, generally, do not contain block billing entries.  Additionally, the hours billed by local counsel on this litigation are not excessive or redundant.  Attorney Weidenmiller's time and involvement in this case was required by the local rules of this Court.  However, there are several entries with redacted information.  The entries noted below and set forth in Doc. 193, Exh. 5, will be reduced by 20%.

| Page No. | Date | Professional | Reduced Hours |
|---|---|---|---|
| Page 8 of 51 | 01/08/2010 | BOC[10] | .32 |
| Page 8 of 51 | 01/08/2010 | DSS | 1.92 |
| Page 8 of 51 | 01/11/2010 | DSS | 1.12 |
| Page 12 of 51 | 12/15/2009 | DSS | 1.36 |
| Page 12 of 51 | 12/30/2009 | DSS | 3.84 |
| Page 12 of 51 | 12/30/2009 | DSS | 3.04 |
| Page 18 of 51 | 10/28/2009 | DSS | .40 |
| Page 30 of 51 | 03/05/2009 | CKW | 1.20 |
| Page 43 of 51 | 10/09/2008 | BOC | 3.2 |

---

[10] Although identified in the billing invoices as a professional involved in this case, it appears that no award of fees is sought for BOC.

Accordingly, utilizing the method prescribed by the Eleventh Circuit, the Court calculates the lodestar for the district court action to be $406,069.50, calculated as follows:

| Attorney | Hours Awarded | Awarded Rate | Total |
|---|---|---|---|
| Frances Kao | 194.4 | $375 | $72,900 |
| Amanda Williamson | 516.4 | $225 | $116,190 |
| Amy Van Gelder | 444.6 | $225 | $100,035 |
| Marcella Lape | 309 | $225 | $69,525 |
| Agnes Lee | 0 | 0 | 0 |
| Casey Weidenmiller | 91 | $325 | $29,575 |
| David Schnitzer | 21.68 | $275 | $5,962 |
| Nancy N. Beaty | 67.9 | $175 | $11,882.50 |
| **Total** | | | **$406,069.50** |

The total for Skadden Arps is $358,650 and the total for the Weidenmiller Law Firm is $47,419.50.  As stated previously, the amount for Skadden Arps will be further reduced by 20% to account for block billing and redacted time entries.  Therefore, the award to Skadden Arps is $286,920.  This makes a total recovery for attorneys' fees in the district court action of $334,339.50 (Skaden Arps is $286,920 and the Weidenmiller Law Firm is $47,419.50).  The Court finds this award to be reasonable considering the *Hensley* factors and the Court's familiarity with this litigation.

**3.  The Appellate Action**

Defendant has also requested fees and expenses for the appellate action (Doc. 221).  In response to this motion, Plaintiff has not disputed the reasonableness of the attorney's fees and expenses requested, but rather, contests entitlement.  The court has determined, *supra*, that

Defendant is entitled to its reasonable fees and expenses incurred in the appeal.

Defendant requests appellate attorney's fees as follows:

| Attorney | Years of Experience (as of 2011) | Hourly Rate | Hours Requested |
|---|---|---|---|
| Frances P. Kao | 19 | $400 | 13.6 |
| Amanda Williamson | 8 | $350 | 12.5 |
| Marcella L. Lape | 7 | $350 | 1.2 |
| Casey Weidenmiller | 10 | $375 | 2.2 |
| Donald S. Boyd | 6 | $275 | 5.4 |
| Susan G. Copeland | paralegal | $175 | 5.8 |

Defendant submits the declarations of Frances P. Kao and Casey Weidenmiller in support of its motion for appellate fees and expenses. Both attorneys opine that their fees and expenses incurred on appeal are reasonable and necessary. A declaration from Defendant's fee expert, James A. Boatman, Jr., is also submitted in support of the motion. Attorney Boatman reaches a similar conclusion.

As previously stated and to avoid repetitiveness, the Court finds that the hourly rates requested by Defendant are higher than those in the Fort Myers geographical area. Therefore, the hourly rates will be reduced as earlier determined. The Court finds that, based upon a thorough review of the declarations, billing invoices and other supporting documents, the hours billed are reasonable. Accordingly, utilizing the method prescribed by the Eleventh Circuit, the Court calculates the lodestar for the appellate court action to be $11,127.50, calculated as follows:

| Attorney | Hours Awarded | Awarded Rate | Total |
|---|---|---|---|
| Frances P. Kao | 13.6 | $375 | $5,100 |

| Amanda Williamson | 12.5 | $225 | $2,812.50 |
|---|---|---|---|
| Marcella L. Lape | 1.2 | $225 | $270 |
| Casey Weidenmiller | 2.2 | $325 | $715 |
| Donald S. Boyd | 5.4 | $225 | $1,215 |
| Susan G. Copeland | 5.8 | $175 | $1,015 |
| **Total** | | | **$11,127.50** |

The total for Skadden Arps is $8,182.50 and the total for the Weidenmiller Law Firm is $2,945. This makes a total recovery for attorneys' fees in the appellate action of $11,127.50. The Court finds this award to be reasonable considering the *Hensley* factors and the Court's familiarity with this litigation.

### D.      Costs and Expenses

Defendant requests its reasonable and necessary expenses incurred in the district court action and the appellate action. Plaintiffs oppose this request and contend that Defendant has submitted conclusory one-line line items with prices, but no detail. The Court agrees with Plaintiffs. The party requesting costs and expenses bears the burden of submitting satisfactory evidence to enable the Court to determine which expenses are reasonable and necessary. *See Loranger*, 10 F. 3d at 784. Defendant's submissions for its expenses are devoid of explanation. *See Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000). Given the large amounts sought for expenses, *i.e.*, $32,825 for an expert affidavit, more information is needed. Therefore, the Court will defer ruling on the Defendants' request for expenses incurred in the district court and on appeal and provide Defendant **FOURTEEN (14) DAYS** within which to submit "back-up documentation" in support of its request for expenses. Plaintiffs may then respond to the supplemental filing within **FOURTEEN (14) DAYS** thereafter. Finally, Defendant may reply to Plaintiffs' response within

**FOURTEEN (14) DAYS** after receipt.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1.    Defendant Shenzhen Development Bank's Motions for Award of Attorneys' Fees and Expenses (Docs. 193, 221) are **GRANTED IN PART** and **DENIED IN PART**.

2.    Defendant Shenzhen Development Bank is awarded fees in the amount of $334,339.50 as the prevailing party in the district court action.

3.    Defendant Shenzhen Development Bank is awarded fees in the amount of $11,127.50 as the prevailing party in the appellate court action.

4.    The Court **defers** ruling on Defendant's request for expenses incurred in the district court and on appeal. Defendant is granted leave to submit "back-up documentation" in support of its request for expenses within **FOURTEEN (14) DAYS** from the date of this Order. Plaintiffs shall have **FOURTEEN (14) DAYS** thereafter within which to respond to the supplemental filing. Defendant shall have **FOURTEEN (14) DAYS** after receipt to reply to Plaintiffs' response.

5.    One judgment will be entered after the Court has ruled on the fees and expenses.

**DONE AND ORDERED** at Ft. Myers, Florida, on September 15, 2011.

Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD