**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

2002 IRREVOCABLE TRUST FOR RICHARD
C. HVIZDAK, a legal trust, 2007 RICHARD C.
HVIZDAK SEPARATE TRUST, a Delaware
trust, RCH TRUST HOLDINGS I, LP, a Delaware
Limited Partnership,

        Plaintiffs,

v.                                        CASE NO. 2:08-CV-00556-FtM-36DNF

SHENZHEN DEVELOPMENT BANK, CO., LTD,
and FOSHAN POLY MARINE ENGINEERING
CO., LTD, a Chinese Corporation,

        Defendants.

_____/

## ORDER

This cause comes before the Court upon Defendant Shenzhen Development Bank's ("Defendant") Motion for Award of Attorneys' Fees and Expenses ("Motion for Attorneys' Fees") (Docs. 193, 221), in connection with the district court action and in connection with the appellate court action. On September 15, 2011, the Court granted in part and denied in part Defendant's Motion for Attorneys' Fees, deferring ruling on Defendant's request for expenses incurred in the district court and on appeal (Doc. 228). On September 29, 2011, Defendants filed a Memorandum in support of the Court's Order on the Motion for Attorneys' Fees (Doc. 229). Plaintiffs have not responded. After a review of the memoranda, declarations and affidavit, billing records and other documents, and for the reasons that follow, the Court will grant in part and deny in part Defendant's Motion as to expenses incurred in the district court and on appeal.

**BACKGROUND**

The relevant procedural history and background of this case is set forth in the Court's Order granting in part and denying in part Defendant's Motion for Attorneys' Fees (Doc. 228).  In that Order, the Court ruled upon Defendant's entitlement to fees as the prevailing party in the district court action and on appeal, but deferred ruling on Defendant's request for expenses incurred in the district court and on appeal, stating "Defendant's submissions for its expenses are devoid of explanation." *Id.*  Accordingly, the Court granted Defendant additional time to submit "back-up documentation" in support of its request for expenses.  *Id.*  Defendant has provided this supplemental information.

**ANALYSIS**

Pursuant to Florida Statute § 675.111(5), Defendant requests that the Court grant litigation expenses in the amount of $160,552.99 for the district court action and $2,973.00 for the appellate court action.[1]  *See* Doc. 229.  In support of this request, Defendant has provided  memoranda and Declarations of Frances P. Kao detailing the costs and expenses of litigation.  *See*  Docs 193, Ex. 1;221; 229, Ex. 1.  Attorney Kao declares that all claimed expenses were necessarily and reasonably incurred in the defense of this action.

Florida Statute § 675.111(5) provides that "[r]easonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in which a remedy is sought under this chapter."  As fees have already been ruled upon by this Court, the only remaining issue is as to expenses.  The official comments to §675.111(5)  provide no other differentiation between "expenses " and "costs"

---

[1]  It is  noted that Defendant's requests for litigation expenses is not made pursuant to 28 U.S.C. § 1920.

of litigation, except that expenses of litigation are intended to be broader than costs.  *Id.*, *see also*

*Jaffe v. Bank of America*, 674 F.Supp.2d 1360 (S.D.Fla. 1999) (awarding costs in a matter

substantially similar to the one at hand).  Under Florida law,  "the taxation of costs in any particular

proceeding is within the broad discretion of the trial court.   The trial court should exercise that

discretion in a manner that is consistent with the policy of reducing the overall costs of litigation and

of keeping such costs as low as justice will permit."  *In re Amendments to Uniform Guidelines for*

*Taxation of Costs*, 915 So.2d 612, 614 (Fla. 2005).   Though not binding authority, the Florida

Statewide Uniform Guidelines for the Taxation of Costs in Civil Actions (the "Guidelines") are

instructive and persuasive, in some respects, when  considering  an award of costs and expenses.

*See In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So.2d 612 (Fla. 2005).

Under the Guidelines, it is recommended that certain litigation costs not be taxed, including

travel expenses of attorneys, long distance telephone calls to witnesses, and any expenses relating

to consulting but non-testifying experts. *See* The Guidelines, III(A)-(E).  Considering the Guidelines

and the policy of keeping litigation expenses as low as justice will permit, the Court will not require

Plaintiffs to pay for Defendant's expenses related to business travel and lodging in the amount of

$20,210.00, telecommunications in the amount of $438.00, the expert services of Randall

Peerenboom in the amount of $32,835.00, or the investigatory services of Kroll & Associates and

Digiovanni Investigations in the amount of $1,381.24 and $4,077.92 respectively.   Additionally,

Plaintiffs have provided the Court with an email correspondence sent by Frances Kao regarding a

fee-sharing arrangement for translation costs.  *See* Doc. 203-2.  The email suggests that both sides

have agreed to pay half of the translation cost."  *Id.*  In response, Defendant states "[t]he possibility

of a later fee petition was never discussed between the parties and was not a part of that agreement."

*See* Doc. 207, p. 7.  However, the Court finds this argument unavailing and will reduce the translation costs of Geotext and Michael J. Sider & Co. by 50%, to $11,353.48 and $4,675.42 respectively.

As to the remaining costs and expenses, the Court has reviewed the description of the costs and expenses, billing statements and other documentation, and finds that they were necessarily and reasonably incurred.  Therefore, Defendant is entitled to an award for litigation expenses of $85,596.90 for the district court action and $2,973.00 for the appellate court action.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.    Defendant Shenzhen Development Bank's Motions for Award of Attorneys' Fees and Expenses (Docs. 193, 221) are **GRANTED IN PART** and **DENIED IN PART**, as it relates to costs.

2.    Defendant Shenzhen Development Bank is awarded litigation expenses in the amount of $85,596.90 as the prevailing party in the district court action and $2,973.00 as the prevailing party in the appellate court action, for a total award of $88,569.90 as to litigation expenses.

3.    The Clerk is directed to enter one judgment in favor of Defendant and against Plaintiffs for attorneys' fees ($345,467, per Docket Entry 228) and expenses ($88,569.90) in the total amount of $434,036.90.

**DONE AND ORDERED** at Ft. Myers, Florida, on August 10, 2012.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

**COPIES TO:**

COUNSEL OF RECORD